DAVID R. MORISON, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY and Another, Appellants.

*When a street is not covered by the description in a deed — no adverse possession of a highway.*

Certain real estate was described in a deed as being on the west side of Greenwich street, beginning at the northeast corner of a certain lot, being a point distant fifty feet from the corner formed by the intersection of the southerly side of Duane street with the westerly line of Greenwich street; running thence northerly along Greenwich street twenty-five feet; thence westerly along lot No. 39, sixty feet; thence southerly along lot No. 32, twenty-five feet; thence easterly along lot No. 37, sixty feet, to Greenwich street, to the place of beginning.

*Held,* that there was no conveyance thereby of any part of Greenwich street to the grantee therein named.

A person cannot obtain title by adverse possession to any portion of a highway used by the public.

APPEAL by the defendants, The New York Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 8th day of April, 1893, upon the report of a referee.

*Julien T. Davies,* for the appellants.

*L. II. Andrews,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover past and fee damages against the defendants for the erection and operation of their elevated railroad in front of premises No. 318 Greenwich street.

The learned referee found that the plaintiff was the owner of the fee of the street in front of the premises described in the complaint to the center thereof, and that the public had no rights in said street except to use it as an ordinary public street. And he refused to find, at the request of the defendants, that the plaintiff did not own the roadbed of any part of Greenwich street, and that the only property of plaintiff in said street fronting said premises consisted of easements of light, air and access.

It is apparent from an examination of the descriptions by which the plaintiff derives title that the deeds conveyed no part of the street to the grantee therein named.

The description of the property is as follows: " All that certain dwelling house and lot of land situate, lying and being in the fifth ward of the city of New York, on the west side of Greenwich street, known and distinguished as No. 304, now known as No. 318, in said street, being one of two lots part of lots which were sold at auction by the rector and inhabitants of the city of New York in communion of the Protestant Episcopal church in the State of New York, and conveyed by them to James Walker of the city of New York, merchant, by deed dated the first day of June, 1795, and in a map or chart of the same lots distinguished by the Nos. 38 and 39, lot No. 38, one of the said lots and hereby conveyed or intended to be, being bounded as follows, viz.: Beginning at the northeast corner of lot No. 37, being a point distant fifty feet from the corner formed by the intersection of the southerly side of Duane street with the westerly side of Greenwich street, running thence northerly along Greenwich street aforesaid, twenty-five feet; thence westerly along lot No. 39, sixty feet; thence southerly along lot No. 32, twenty-five feet; thence easterly along lot No. 37, sixty feet to Greenwich street, the place of beginning, be the said dimensions more or less."

Under the rules laid down in the case of *Kings Co. Ins. Co.* v. *Stevens* (87 N. Y. 287) the grantee under such a description does not take to the center of the street, and we are not aware that this case has been overruled by any subsequent adjudication.

It is claimed that some modification has been made in that rule by the case of *Holloway* v. *Delano*, recently decided by the Court of Appeals (139 N. Y. 390), but we fail to find that the court has overruled the principles laid down in the case first cited.

It is urged upon the part of the respondent that if the deeds in the chain of title under which plaintiff takes, did not convey the fee of the street, the result will be just the same, because there is no evidence that the fee was ever conveyed to the city of New York, and that if it remained in any grantor then the plaintiff acquired the fee of the land occupied by the vaults by adverse possession.

It is perfectly clear that the referee did not proceed upon any such theory, and the vaults did not extend to the center of the street; and it is a little difficult to see how a party can obtain title by adverse possession to any portion of a highway used by the public.

The referee erred, therefore, in his finding that the plaintiff owned to the center of the street, and the judgment should be reversed and a new trial ordered before another referee to be appointed by this court, with costs to appellants to abide event.

O'Brien and Parker, JJ., concurred.

Judgment reversed and a new trial ordered before another referee to be appointed by this court, with costs to appellants to abide event.