### TROWBRIDGE v. EHRICH et al.

(Supreme Court, Appellate Division, First Department. December 28, 1906.)

BOUNDARIES—STREETS—FAILURE OF CITY TO OPEN STREET—TITLE TO LAND IN STREET.

    A grantor filed a map of the property conveyed, from which, or from other maps there referred to, it appeared that a street bounded the property in part. *Held,* that title to the center of the street was transferred, and the grantee's title was not affected by the failure of the city to subsequently open the street.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Boundaries, §§ 123, 124.]

Appeal from Special Term, New York County.

Action by Charlotte Fox Trowbridge against Jesse W. Ehrich and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and HOUGHTON, JJ.

Marston Niles, for appellant.
Charles A. Riegelman, for respondent Hudson Realty Co.
Jesse W. Ehrich, for respondents Ehrich & Eck.
Le Roy D. Ball, Jr., for respondent Speath.

McLAUGHLIN, J. This action was brought to determine the title to a triangular piece of land lying at the intersection of Westchester and Stebbins avenue; the plaintiff claiming that she was the owner of

the entire parcel, and each of the defendants asserting title to the whole or an interest in some part thereof. The court at Special Term found in favor of the defendants, and the plaintiff appeals to this court.

We are of the opinion that the judgment should be affirmed. The reason assigned by the learned justice sitting at Special Term for granting the judgment in favor of the defendants is quite satisfactory, and it is necessary to add but a few words to what is said in that opinion. Each conveyance was made with reference to the map filed by the plaintiff, on which appeared, or else appeared on other maps there referred to, a street, which included the parcel in dispute, and each conveyance was bounded in part as running along such street. Her deed of conveyance, therefore, in each case, transferred the title to the center of such street. Hennessy v. Murdock, 137 N. Y. 317, 33 N. E. 330; Paige v. Schenectady Ry. Co., 178 N. Y. 102, 70 N. E. 213; Miller v. N. Y. & N. S. Ry. Co., 183 N. Y. 123, 75 N. E. 1111. The fact that the street or streets in front of such lots was not thereafter opened as indicated on the maps is of no importance, inasmuch as the question of whether or not title passed to any portion of the land lying in such proposed streets referred to in the conveyances, or on the maps, must be determined as of the time when the conveyances were made. Judging the acts of the parties as of that time, it must be held that the title to so much of the land as lies between the front of the lots and the center of the streets passed to the respective grantees. The lots, and each of them, were to have a frontage upon a street, and the fact that the city subsequently did not open a street where it first proposed to, and where the plaintiff supposed, when she made her conveyances, that it would, did not deprive the grantees of what they would have taken, had the streets been opened as first contemplated.

The judgment is right, and should be affirmed. All concur; HOUGHTON, J., except as to lot 3.