(121 App. Div. 233)

TIETJEN v PALMER.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

1. BOUNDARIES—CENTER OF STREET—PRESUMPTION.
    The presumption that a conveyance bounded by or upon a street embraces a fee to the center thereof may be overcome by evidence.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Boundaries, §§ 146, 149.]

2. SAME.
    A conveyance of lots specified by number and "bounded * * * as follows: Beginning at the southeast corner of M. and G. streets, running thence southerly along G. street; * * * thence * * * to M. street; thence westerly along M. street"—did not include title to any portion of the streets.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Boundaries, § 123.]

Appeal from Special Term, Kings County.

Action by Herman Tietjen against Winfield S. Palmer. From a judgment dismissing the complaint on its merits and awarding judgment to defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

William W. Butcher, for appellant.

JENKS, J. The controlling fact found for the defendant, which led to the judgment, is that plaintiff did not have title to that part of the land lying in Monticello and Green streets, and therefore could

not convey it under his agreement with the defendant. The sole question for review is whether the mortgage on which plaintiff's title is founded covered that part. In 1843 Ewer, the mortgagor, filed a map of a tract which included the lands covered by the agreement, cutting the tract into lots and laying out streets, which included Monticello and Green streets. Monticello and Green streets were never opened, and long since ceased to be used as streets. The court found the description in the mortgage:

"Covering, with other property, the premises described as follows: Beginning at the southeast corner of Monticello and Green street, running thence southerly along Green street five hundred (500) feet; thence easterly ninety-seven (97) feet and nine (9) inches to ground now or late of Mrs. Ryerson; thence northerly along the same five hundred (500) feet to Monticello street; thence westerly along Monticello street one hundred and four (104) feet to the point or place of beginning, be the same dimensions more or less."

The parcel in question lies to the south and east, and therefore the "southeast corner of Monticello and Green street" as a starting point excluded the lands in those streets. The rule that a conveyance bounded by or upon a street embraces a fee to the center thereof rests upon presumption. Kings County Fire Ins. Co. v. Stevens, 87 N. Y. 287, 41 Am. Rep. 361; Graham v. Stern, 168 N. Y. 517, 61 N. E. 891, 85 Am. St. Rep. 694; Watson v. City of New York, 67 App. Div. 573, 73 N. Y. Supp. 1027, affirmed on opinion below 175 N. Y. 475, 67 N. E. 1091. As the presumption is not juris de jure, it may be overcome. Id. There was no evidence outside of the description as to the intention of the parties within the doctrine of Graham v. Stern, 168 N. Y. 522, 61 N. E. 891, 85 Am. St. Rep. 694. In Kings County Fire Ins. Co. v. Stevens, supra, Andrews, C. J., for the court says that:

"Reservation will not be adjudged, except when it clearly appears, from the language of the conveyance, that such reservation was intended."

And in Graham v. Stern, supra, the court, per Gray, J., say:

"Such a presumption, necessarily, must give way before any evidence of a different intention in the parties."

I am of opinion that the description of the starting point, "beginning at the southeast corner of Monticello and Green street," in the absence of any doubt or ambiguity raised by the description, is sufficient to support the finding, which involves a reservation, inasmuch as it "necessarily excludes the soil of the street." In Kings County Fire Ins. Co. v. Stevens, supra, Andrews, C. J., cites with approval the reasoning of Allen, J., in White's Bank, etc., v. Nichols, 64 N. Y. 65, as follows:

"The grant under which the defendant claims title describes the granted premises as commencing at the intersection of the exterior lines of two streets, of which Garden street is one, and so as necessarily to exclude the soil of the street. The point thus established is as controlling as any monument would have been, and must control the other parts of the description. All the lines of the granted premises must conform to the starting point thus designated."

In English v. Brennan, 60 N. Y. 609, the description ran:

"Beginning at the southwesterly corner of Flushing and Clermont avenues, running thence westerly along Flushing avenue 25 feet; thence southerly at right angles to Flushing avenue 79 feet 9 inches to a point distant 40 feet 7½ inches westerly from the westerly side of Clermont avenue."

This is like unto the description now under consideration. The court held that the land in the highway was not included. The learned counsel for the appellant would weaken the effect of this precedent by comment that there were several grounds for sustaining the non-suit in that case, that such determination was incidental, and that there was no description by lot number. The opinion in English v. Brennan was by Andrews, C. J. The same learned judge wrote the opinion in Kings County Fire Ins. Co. v. Stevens, supra, and after comment upon another case wrote:

"It was held that the highway was not included. In English v. Brennan the court reached the same conclusion, where the description was: 'Beginning at the southwesterly corner of Flushing and Clermont avenues, running thence westerly along Flushing avenue 25 feet; thence southerly at right angles to Flushing avenue 79 feet 9 inches to a point distant 40 feet 7½ inches westerly from the westerly side of Clermont avenue; thence easterly on a line at right angles to Clermont avenue 40 feet 7½ inches; thence northerly,' etc., 'to the point of beginning.'"

Kings County Fire Ins. Co. v. Stevens, supra, and English v. Brennan, supra, are cited as authority by Gray, J., writing for the court in Deering v. Reilly, 167 N. Y. 193, 60 N. E. 449. In the latter case, the starting point in the description was: "Beginning on the northeasterly corner of Blackburry alley, on the southeasterly side of the Bloomingdale Road"—and the court held that because of this starting point no part of the road was included in the conveyance.

So far as discrimination is sought by the circumstance that there was a description by lot, which the learned counsel would make controlling, it might be answered that the Special Term in its finding of the description did not include any reference to lot numbers, and there is no exception to the finding. But as the description in the exhibit and as stated in the case is: "Also all those 20 certain lots of ground situate in said city, and known on the map aforesaid by the numbers from 92 to 111, both inclusive, which, taken together, are bounded and contain as follows: [And thence follows the description which I have heretofore quoted]"—I will consider the point. First. Although the land is identified by lots, it is stated that those lots "are bounded and contain as follows." Second. Even where such a description by lot numbers renders the entire description obscure and uncertain, as it does not in this case, the rest of the description is as much a part of it as is the designation by lot number, and is entitled to as much consideration. Case v. Dexter, 106 N. Y. 548, 553, 13 N. E. 449. Third. More than this in White's Bank of Buffalo v. Nichols, supra, it was expressly held that the starting point as established is controlling over the other parts of the description, and it seems to me that this must be so, certainly in the absence of doubt or ambiguity or of other evidence as to intention. See, too, as to the importance of the starting point, Van Winkle v. Van Winkle, 184 N. Y. 203, 77 N. E. 33. And see the descriptions in Mor-

rison v. N. Y. El. R. R. Co., 74 Hun, 398, 26 N. Y. Supp. 641; Augustine v. Britt, 15 Hun, 395; Lee v. Lee, 27 Hun, 1.

Certain cases are cited by the learned counsel for the appellant as controlling upon this point. In Hennessy v. Murdock, 137 N. Y. 317, 33 N. E. 330, there was a conveyance of a lot bounded on a street, and the court held that the general rule, founded on the presumption of which I have written heretofore, must obtain, for there was nothing inconsistent; and the court noted that there was "an express reference to the Clark map for the purpose of ascertaining the boundaries," which, as disclosed, carried the lot to the center of the street. There is a manifest difference from the case at bar. The conveyance in the case now up was not by lot numbers, but the property was described as certain lots, which were bounded and which contained lands thereupon specifically described, and that description, as I have shown, necessarily excluded the soil of the street, as did the description in Deering's Case and the other cases supra. In Bissell v. New York Central R. R. Company, 23 N. Y. 61, the deeds described the lots by their numbers, and there was no question as to any other description by way of limitation of the lots or otherwise. In Mott v. Eno, 181 N. Y. 346, 74 N. E. 229, there was "ambiguity or doubt" as to the intent of a description by lot numbers and by metes and bounds (page 374 of 181 N. Y., page 238 of 74 N. E.), and the court say there was no fact or circumstance which would justify the presumption of reservation (Id.). Upon the facts, aside from the language of description (page 373 of 181 N. Y., page 237 of 74 N. E.), the court held that the conveyance includes the center of the street. An important, if not controlling, circumstance was, in the language of Gray, J.:

"In this case the allotments by the commissioners describe the lots by map numbers, as well as by metes and bounds. The suit and the relations of the parties show that what was intended was an actual partition of all the real estate, without reservation, of which their ancestor died seised. Without the interpretation that the land in the roadbed was included, the partition had been an abortive proceeding. Therefore the ancestors of the plaintiffs must be deemed to have taken by their allotments to the center of Broadway."

In Potter v. Boyce, 73 App. Div. 383, 77 N. Y. Supp. 24, the particular page cited by the learned counsel reads:

"In all of the deeds, except in this deed in question, the property was conveyed by the numbers of the lots as appearing upon the map; there being no description of the property conveyed by metes and bounds."

And as to the particular description the court say:

"If the starting point in the description in this case had been on the easterly side of Bloomingdale Road and the north side of Hamilton street, and the line had run thence to the west side of Phineas street, a different question would be presented. But here the line commenced on the corner of these two streets, and, no mention having there been made of the side of the streets, the inference would follow that the point of commencement was the intersection of the middle of the streets, and the line then runs, not to the side of Phineas street, but to the street, which would carry it to the center of the street, with the further reference to the map, indicating an intention to convey by the map, from which only the boundaries could be obtained, and a conveyance by the map would include a fee of the street."

Upon his main contention the learned counsel for the appellant cites Smith v. Bartlett, 180 N. Y. 365, 73 N. E. 63, Van Winkle v. Van Winkle, 184 N. Y. 193, 77 N. E. 33, and Potter v. Boyce, supra. Smith v. Bartlett well states the general rule, but affords no precedent in the light of the description therein considered. So far as the point of description in Van Winkle v. Van Winkle is concerned, it was:

"Beginning at a stake by the fence on the cross-road leading to Harlem, 50 links from the southeastern corner of the fence; thence running N. 45° E., parallel to the boundary fence, 10 chains 65 links, to lot No. 5."

And the court for reasons stated held the description "ambiguous," and hence that the other lines must be considered (page 206 of 184 N. Y., 77 N. E. 33). As to the other description, "at the corner of a field at the junction of the Bloomingdale Road with the cross-road that leads to Harlem; thence running along the Bloomingdale Road south" to a point specified, the court say:

"Without limiting words the commencing point would be deemed at the junction of the two roads, which would mean at the center thereof, and this would be strengthened by the fact that the line running therefrom was south along the Bloomingdale Road, thus indicating an intention to convey to the center of the road."

There is nothing in the opinion which disturbs the doctrine of English v. Brennan and the other cases, supra. Indeed, at page 203 the court, after stating the general rule, say:

"The commencement of the description of premises at a corner or a point particularly specified is always considered important, for ordinarily more attention is given by the parties to the locating of the point of commencement of the description than to the other points; but it is not conclusive, and where it is inconsistent with the other lines described, which show an intent to include or exclude the fee of the highway, effect will be given such intent, and where there is ambiguity with reference to the description or to the commencing point, or where there is doubt with reference to the intent of the grantor, the presumption that the fee was intended to pass will prevail, for in such case the construction must be most favorable to the grantee."

Potter v. Boyce, supra, is, I think, discriminated by the citation from the opinion which I have heretofore made.

The judgment must be affirmed, with costs. All concur.