### OBERMEYER v. BEHN et al.

(Supreme Court, Appellate Division, First Department. January 17, 1908.)

1. TAXATION—TAX LEASES—VALIDITY.

   Where certain tax leases showed on their face that the statute authorizing their execution had not been complied with, they were void.

2. ADVERSE POSSESSION—COLOR OF TITLE—TAX LEASE.

   Possession under a tax lease is not adverse to the real owner. of the property.

108 N.Y.S.—19

**3. PARTITION—POSSESSION—PLEADING.** ·

Where, in partition, defendant D. set up a right to possession under certain tax leases, and plaintiff by reply denied the existence of the leases, plaintiff was entitled to show under such denial that the leases were void on their face.

**4. QUIETING TITLE—DEEDS—FRAUD—ESTOPPEL.**

Where plaintiff's grantor made no claim that the conveyance to plaintiff was obtained by fraud, an adverse claimant could not successfully assert such claim; the conveyance being otherwise sufficient to pass title to the property.

Appeal from Special Term.

Action by Ludwig T. J. Obermeyer against Adolph Behn and others for partition and sale of certain real estate. From a judgment for plaintiff, defendant Gustave Disch appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry A. Forster, for appellant.

Andrew J. Skinner, for respondent Obermeyer.

Linus A. Gould, for respondents Behn.

INGRAHAM, J. This action was brought to partition certain real property on West Ninety-Sixth street, in the city of New York, the complaint alleging that the plaintiff and the defendant Adolph Behn are seised and possessed as tenants in common of the property in question. The complaint also alleges that the defendants Disch, Cunningham, and Ogden claim to have some estate, right, title, interest, lien, claim, or demand in and upon said premises, the exact nature of which is unknown to the plaintiff, but which is a cloud upon the title to said premises, and upon the said undivided share therein of the plaintiff and the defendant Behn. The complaint then demands judgment for a partition of the property; that it be adjudged that neither of the defendants above mentioned nor the city of New York have any estate, right, title, interest, lien, claim, or demand in and upon said premises or any part thereof; and that the property be sold and the proceeds distributed according to the rights of the respective parties. The answer of defendant Behn admitted the allegations of the complaint, and asked judgment in accordance with the prayer of the complaint. The defendant Disch answered, denying that the city of New York had any claim upon the premises, alleging that since September 7, 1902, the defendant Disch had been and is seised and possessed in fee simple absolute of the premises in question, comprising the easterly half of the old Bloomingdale Road, and since the 27th of February, 1906, has been and is seised and possessed of the remainder of the real property described in the complaint as a tenant under certain tax leases from the defendant the city of New York for the term of 1,000 years; that thereafter while the whole of the real property described in the complaint was in this defendant's possession as said owner and lessee thereof respectively, and on or about June 4, 1906, the defendant Behn executed a written instrument purporting to grant three undivided one-quarter parts of the premises described in the complaint to the plaintiff; that such grant is illegal and void, on the ground that the real property was and still is in the possession of

the defendant, who was then and still is holding and claiming the same on a title adverse to the plaintiff's pretended grantor, the defendant Behn. The answer then sets up the title of the defendant Behn in the property in question under the conveyance before mentioned, and under the tax leases from the city of New York. The defendant therefore demands judgment for a dismissal of the complaint; that the defendant be adjudged to be the owner in fee simple absolute of so much of the property comprising the easterly half of the old Bloomingdale Road as extends from Ninety-Fifth street to the center line of the block between Ninety-Fifth and Ninety-Sixth streets; that the said defendant be adjudged to be the tenant for the unexpired term of three 1,000-year tax leases from the defendant the city of New York, and of so much of the real property described in the complaint as extends from Ninety-Fifth street to the center line of the block between Ninety-Fifth and Ninety-Sixth streets; and that the so-called grant or quitclaim of the property described in the complaint to the defendant Behn and the grant from the defendant Behn to the plaintiff be adjudged illegal, null, and void, and be canceled of record. The plaintiff replied to this answer, admitting the conveyances to the defendant Behn and the conveyances by Behn of the three equal undivided one-quarter parts thereof to the plaintiff, denying the allegation of the conveyance to the defendant and the tax leases by the city, and alleging that the conveyances to Behn and to the plaintiff are valid conveyances of the premises.

Upon the trial the court found that by deed dated February 6, 1850, certain lots, Nos. 26 to 39, both inclusive, on a map of property between Tenth avenue and the Bloomingdale Road, and between Ninety-Fifth and Ninety-Sixth streets, were conveyed to Phillips and Cohen by a conveyance which was sufficient to convey to the grantees the fee of the Bloomingdale Road upon which the property conveyed abutted; that in pursuance of chapter 697, p. 1748, Laws 1867, Bloomingdale Road, between Ninety-Fifth and Ninety-Sixth streets, was declared to be and was abandoned and closed on and after March 8, 1868; that Phillips conveyed his interest in this property to Cohen by a conveyance which included the fee of the Bloomingdale Road by deed delivered February 17, 1874; that Cohen conveyed the property subject to the same description to one Higgins by deed dated November 3, 1875; that Higgins died in the city of New York on the 14th of July, 1878, leaving a last will and testament which gave to her executors a power of sale of her real property, and her executors conveyed the property to one Loewenberg by conveyance dated April 24, 1889; that Loewenberg conveyed the premises to one William Cohen by deed dated May 16, 1889; that Cohen conveyed an undivided half of the property to one Lipman by deed dated June 17, 1889; that Cohen died on September 1, 1902, owning an undivided half of the said property, and leaving a last will and testament giving to his executors a power of sale, and that Cohen's executors by deed dated February 2, 1906, conveyed the testator's interest in the said property to the defendant Behn. Lipman died on the 31st of October, 1895, leaving a last will and testament by which his executors and trustees under his will were given power to sell and convey all real estate of

which the testator died seised; that Lipman's executors made and delivered to the defendant Behn a deed dated February 7, 1906, conveying the testator's interest in the premises to the defendant Behn, who thereupon became vested with the fee of the premises in question, and that the defendant Behn executed and delivered to the plaintiff a deed dated June 4, 1906, conveying three undivided one-quarter parts of the property in question. The defendant Disch claims title through a conveyance from William Cohen, deceased. On May 27, 1899, William Cohen conveyed to one Doyle the block fronting on Tenth avenue between Ninety-Fifth and Ninety-Sixth streets, about 167 feet 10 inches in depth, on Ninety-Fifth and Ninety-Sixth streets. Lynes obtained a deed of the same premises from Doyle dated August 19, 1891. That deed from William Cohen to Doyle conveyed the Tenth avenue front by metes and bounds, beginning at the corner formed by the intersection of the westerly line of Tenth avenue and the southerly line of Ninety-Sixth street, and running thence southerly, along the westerly line of Tenth avenue 201 feet 5 inches, to the northerly line of Ninety-Fifth street, thence westerly, along the northerly line of Ninety-Fifth street, 167 feet 10 inches more or less, then northerly and nearly parallel with Tenth avenue to the southerly line of Ninety-Sixth street, and easterly, along the southerly line of Ninety-Sixth street, 175 feet 4 inches, more or less, to the point or place of beginning. The westerly boundary conveyed by this deed was 167 feet 10 inches west of Tenth avenue, and upon no possible construction could Doyle get more. The easterly line of the old Bloomingdale Road was at this point on Ninety-Fifth street apparently 160 feet west of Tenth avenue, so that it would appear there was conveyed by this conveyance the title to 7 feet 10 inches of the old bed of the Bloomingdale Road. Doyle conveyed to Lynes a piece of property commencing 140 feet west of Tenth or Amsterdam avenue and Ninety-Fifth street (the westerly half of this plot conveyed to Doyle), 27 feet 6 inches on Ninety-Fifth street. But Lynes could claim under this conveyance no property more than 167 feet 10 inches west from Tenth avenue. When, therefore, Lynes' executors attempted to convey to the defendant Disch the property commencing on the northerly side of Ninety-Fifth street distant 168 feet westerly from the corner formed by the intersection of the westerly line of Amsterdam avenue and the northerly line of Ninety-Fifth street and running westerly along the northerly line of Ninety-Fifth street to the center of the old Bloomingdale Road, it is quite apparent that they attempted to convey property to which Lynes had no possible title, and that conveyance, therefore, was absolutely ineffectual to pass any property. It was an executors' deed; the consideration being $1. Cohen had never parted with any property west of the line 167 feet, 10 inches, west from Tenth avenue on Ninety-Fifth street, until he conveyed on June 22, 1899, to Lipman the undivided one-half interest that he then owned in the westerly half of the old Bloomingdale Road. By the conveyance from Lipman's executors and Cohen's executors to Behn, the latter undoubtedly was vested with the title to all of the Bloomingdale Road west of a point 167 feet, 10 inches, west of Tenth avenue and Ninety-Fifth street. The property sought to be partitioned commences on the northerly side of

Ninety-Fifth street distant 168 feet westerly from the corner formed by the intersection of the westerly line of Amsterdam avenue and the northerly side of Ninety-Fifth street, running thence westerly to the center of the old Bloomingdale Road; so that it is quite clear that none of the property described in the complaint was ever conveyed by Cohen to Doyle, by Doyle to Lynes, or by the executors of Lynes to Disch.

On their face these alleged tax leases were void, the statute not being complied with, and the only question that presents any doubt is whether the alleged possession by Disch of the premises described in the complaint or any portion of them was adverse to the title of the trustees of Lipman when they executed and delivered the deed dated February 7, 1906, to Behn. It was found in relation to this possession that from 1893 to 1904 Webber & Bunke were in actual possession and occupation of the premises described in the complaint for storage purposes, and paid rent therefor to William Cohen. At about November 1, 1904, Ludwig Frederick began to occupy the premises for storage purposes in connection with his business, and he paid rent therefor to Webber & Bunke, who held under Cohen. Defendant Disch obtained this deed from the executors of Lipman in September, 1902, and in 1906 he got assignments of certain tax leases of these premises. It is too well settled to be questioned that possession under a tax lease is not adverse to the real owner of the property; so that Disch's possession under the tax lease was not adverse. The court refused to find that Disch's possession of the property was adverse to the real owners, and there was nothing in evidence that required such a finding. The defendant Disch set up the right to possession under these tax leases, and plaintiff by reply denied the existence of the tax leases. Plaintiff was clearly entitled to show under this denial that the tax leases were not, and never had been, valid, and, as I think the tax leases were void, the finding of the trial court is sustained by the evidence. Defendant Disch seems to think that in some way he can avoid the conveyance to plaintiff's grantor upon the ground that it was obtained by fraud; but, as the grantor makes no such claim, the conveyance was sufficient to pass the title to the property. There is no real question as to the title of plaintiff and defendant Behn to the property in question, and the possession of the defendant Disch was not really adverse, was not based upon a real claim of title, and should not have been allowed to defeat the title of the real owners.

This judgment was therefore right, and should be affirmed, with costs. All concur.