SHERIDAN v. CARDWELL.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. EJECTMENT (§ 9*)—RIGHT OF ACTION—TITLE TO SUPPORT ACTION.
   The plaintiff in ejectment must recover upon the sufficiency of his own title, and not upon the weakness of the defendant's.
   [Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 18; Dec. Dig. § 9.*]

2. EJECTMENT (§ 90*)—PLEADING AND EVIDENCE—TITLE AND RIGHT TO POSSESSION—DEED.
   In ejectment, a deed under which plaintiff seeks to show title in his grantors is admissible without proof of contemporary possession by some one of the grantors under whom plaintiff claims.
   [Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 255; Dec. Dig. § 90.*]

3. EJECTMENT (§ 95*)—TITLE AND RIGHT TO POSSESSION—DEED—SUFFICIENCY OF EVIDENCE.
   A deed offered by the plaintiff in ejectment to establish title in his grantors is not sufficient to establish title in such grantors without a showing of possession by some one of the grantors under whom the plaintiff claims.
   [Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 281; Dec. Dig. § 95.*]

4. EJECTMENT (§ 96*)—TITLE TO SUPPORT ACTION—POSSESSION—EVIDENCE.
   In ejectment brought under Code Civ. Proc. § 1501, evidence *held* insufficient to show possession in any one through whom the plaintiff claimed within 20 years, as required by Code Civ. Proc. § 365.
   [Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 296–298; Dec. Dig. § 96.*]

5. CHAMPERTY AND MAINTENANCE (§ 7*)—CONVEYANCE OF LAND HELD ADVERSELY—ACTION BY GRANTEE—VALIDITY OF DEED.
   Under Code Civ. Proc. § 1501, providing that a grantee may maintain ejectment in the name of his grantor when the granted lands were held adversely against the grantor, the deed must be void because the property conveyed was held adversely, and the lands must have been held adversely at the time of delivery of the deed.
   [Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 62, 63; Dec. Dig. § 7.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. CHAMPERTY AND MAINTENANCE (§ 7*)—CONVEYANCE OF LAND HELD AD-
   VERSELY—EJECTMENT.
   Where a grantor whose land was in the possession of one holding un-
   der a tax lease conveys the land, the deed is not void, but conveys to
   the grantee whatever title the grantor had, subject to the right of pos-
   session under the tax lease; and hence the grantee in these circum-
   stances does not establish the condition precedent to enable him, under
   Code Civ. Proc. § 1501, to bring ejectment in the name of his grantor.
   [Ed. Note.—For other cases, see Champerty and Maintenance, Cent.
   Dig. §§ 62, 63; Dec. Dig. § 7.*]

7. CHAMPERTY AND MAINTENANCE (§ 7*)—CONVEYANCE OF LAND HELD AD-
   VERSELY—EJECTMENT—SUFFICIENCY OF EVIDENCE.
   In an action of ejectment brought by the plaintiff in the names of the
   grantors, as provided by Code Civ. Proc. § 1501, when parties plaintiff
   are out of possession, evidence *held* insufficient to show that the land
   was held adversely to the plaintiff's grantors.
   [Ed. Note.—For other cases, see Champerty and Maintenance, Cent.
   Dig. §§ 62, 63; Dec. Dig. § 7.*]

Appeal from Trial Term, Queens County.

Action by Catharine E. Sheridan, suing in the names of Emily
Adams and Claudina Post, her grantors, against Charles Cardwell.
From an order directing a verdict for the defendant, and from the
granting of plaintiff's motion for a new trial, both parties appeal. Or-
der setting aside the verdict in favor of the defendant reversed, and
judgment directed for the defendant affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
THOMAS, and RICH, JJ.

Edward R. Clark, for plaintiff.
Robert B. Honeyman, for defendant.

RICH, J. At the close of the evidence in this action in ejectment,
the court directed a verdict for the defendant. Plaintiff's motion to
vacate and set the verdict aside and for a new trial was subsequently
granted, and from the order accordingly entered both parties appeal.
The learned trial justice in his opinion says that he directed a verdict
for the defendant subject to the opinion of the court, and he bases his
action on the assumption that he erroneously excluded evidence offered
by the plaintiff tending to avoid a deed to the defendant. It appears
from the record that at the close of the evidence counsel for both
parties asked for the direction of a verdict waiving the right to go
to the jury upon any question of fact, and that the court thereupon
said to the jury:

"Gentlemen of the jury, under the direction of the court, you will find a
verdict for the defendant."

It further appears that the plaintiff, in rebuttal, recalled one of
the grantors in the deed to which the court referred, and asked:

"Q. Will you tell us under what circumstances you saw the defendant, Mr.
Cardwell?
"By Mr. Honeyman: Objected to as not in rebuttal.
"By Mr. Schoonmaker: Our contention is that these deeds were obtained
from Mrs. Adams and Mrs. Post by trickery, by false suggestions of fact, by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

false statements of fact, and by duress and undue influence brought to bear upon them, and were without adequate consideration.

"The Court: I shall exclude evidence as to inadequacy, not excluding any evidence that the deed is regularly and formally acknowledged. I understand there is no question about its regularity."

The plaintiff excepted and rested her case, but the court did not exclude evidence of fraud, duress, or undue influence. The exceptions, however, present for our consideration the question as to whether the learned trial justice erred in making the disposition of these motions.

The action is brought by the plaintiff under the provisions of section 1501 of the Code of Civil Procedure, in the names of her grantors, for the alleged reason that the defendant was in possession of the premises and claiming title thereto. To establish her cause of action the plaintiff introduced in evidence, first, a deed from William L. Coggswell to Lawrence V. Husted describing the property set forth in the complaint, dated December 1, 1853; second, proved the death of Lawrence V. Husted in 1859 or 1860, intestate, leaving three daughters and one son (the latter of whom has since died unmarried, intestate and without surviving issue); third, quitclaim deeds from two of the surviving daughters of Lawrence V. Husted, one dated October 15, 1907, the other November 2, 1907, purporting to convey the interest of the grantors in the property described in the complaint; fourth, a tax lease for 1,000 years from the county treasurer of Queens county to John Canning, defendant's predecessor in interest, dated August 10, 1884, describing a portion of the premises involved; fifth, a tax lease for 1,000 years from the same county treasurer to said Canning of an additional portion of the involved premises, the two covering the whole thereof; sixth, deeds from Canning to defendant conveying all of his right, title, and interest in and to the land described in such tax leases; seventh, assessment rolls of the town of Jamaica, in which town the property in question was situate, for the years 1880 and 1884, tending to show the invalidity of the assessment of the land in question for those years because of its being assessed to "Lawrence V. Husted heirs," and not to the owners as nonresidents, it being proven that neither Lawrence V. Husted nor either of his heirs ever resided in the town of Jamaica, and, after calling attention to defendant's admission of actual adverse possession of the premises, rested her case. The defendant then moved to dismiss the complaint on the ground, among others, that the plaintiff had not shown possession at any time within the last 20 years, had not shown color of title or ownership of the property in question. The motion was denied and an exception taken.

It appears from evidence introduced by defendant that as early as 1877 said John Canning had been in the actual possession of the premises under tax leases for 1,000 years, and that such possession had been continuous and uninterrupted by him and his grantee, the defendant, since that time. He testifies that he bought the lots at tax sales a number of times before he received a tax lease, and was in possession under such purchases when the two tax leases introduced in evidence by the plaintiff were given; that he received tax

leases other than those introduced in evidence, under which he was given the right of possession; that defendant took possession under his conveyances from Canning in February, 1900; and that on June 1, 1910, he took from Emily Adams and Claudina Post, plaintiff's grantors, a quitclaim deed of the premises which he pleaded by supplemental answer.

There is no evidence showing any title in Coggswell when he conveyed or assumed to convey the property to Husted, and no evidence of possession or exercise of any act of ownership by either Coggswell, Husted, the heirs of the latter, or the plaintiff at any time, with the exception of the conveyances in evidence.

The plaintiff must recover, if at all, upon the strength of her own title, and not upon the weakness of defendant's. The deed from Coggswell to Husted was admissible in evidence without proof of contemporaneous possession of the grantor, but it was not sufficient evidence to establish title in the plaintiff's grantors without showing subsequent possession by them, or their deceased father, through whom they derived whatever rights they had in the property. Greenleaf v. Brooklyn, Flatbush & Coney Island R. R. Co., 132 N. Y. 408, 30 N. E. 762. As was said by Mr. Justice Burr in Aubuchon v. New York, New Haven & Hartford R. R. Co., 137 App. Div. 834, 122 N. Y. Supp. 581, a very similar case:

> "In an action of ejectment, it is not enough to prove a paper title to the disputed premises, unless that title is traced back either to the sovereign or to some one admitted or proved to have been a common source of the title claimed by both plaintiff and defendant. In other cases, in addition to the paper title, possession must be proved in some one through whom plaintiff claims. * * * 'Where a party is under the necessity of proving title, it is not enough to simply produce a deed. He must show possession in the grantor, or possession accompanying the deed. Without this he proves no title.' "

The plaintiff proved neither seizin nor possession within 20 years in herself, or of either of her predecessors in title, and was not entitled to recover. Section 365, Code Civ. Proc.

There are two other views of this case, each leading to the same result. The section of the Code under which plaintiff's action is brought provides a condition precedent to the right of a grantee to maintain an action in the name of his grantor, viz., the conveyance under which he claims must be void, because the property conveyed was held adversely to the grantor. Such a deed is void only when the lands are in the possession of a person claiming under a title adverse to that of the grantor at the time of the delivery. 3 Rev. St. (7th Ed.) p. 2196, pt. 2, c. 1, tit. 2, § 148. These facts the plaintiff must establish to entitle her to maintain this action. Not only did she wholly fail to do so, but it appears from the evidence of the defendant's predecessor in title that the only right he had in the land, and consequently the only right he could convey to the defendant, was the right of possession under a tax lease. Canning acquired no title by the delivery of the tax leases to him or by his possession thereunder, nor did the defendant. The deed to plaintiff therefore conveyed whatever title her grantors possessed, subject to the de-

fendant's right of possession under the tax leases. For this reason the rule invoked by the defendant (Dever v. Hagerty, 169 N. Y. 481, 62 N. E. 586) has no application. Finally, the plaintiff's contention that she has established that the defendant had no right to the possession of the premises because the tax leases upon which such right rested were void rests upon the assumption that the defendant's right of possession is based wholly upon the two tax leases. This assumption is incorrect, as plaintiff's grantor testified that he had other tax leases. The defendant's right of possession resting upon several tax leases, the plaintiff does not by showing the invalidity of two establish that he had no right of possession.

As these conclusions require the reversal of the order, it is unnecessary to consider the other questions presented by the defendant.

The order setting aside the verdict in favor of the defendant is reversed, and the judgment directed for the defendant affirmed.

Order setting aside verdict and directing a new trial reversed with costs, and order denying plaintiff's motion for judgment affirmed, with costs. All concur, THOMAS, J., in separate opinion.

THOMAS, J. In 1853 Coggswell conveyed the land to Husted, who died about 1859, leaving four children, one of whom, a son, thereafter died, whereby his interest vested in his three daughters, now Post and Adams, who in 1907 conveyed to Sheridan by deed recorded January 25, 1907. He claims under such deed two-thirds of the land, and brings this action for possession thereof in the name of his grantors, alleging that the defendant is in possession claiming under tax leases. The defendant, after certain admissions and denials, answers that under the statutes the deed from Adams and Post is void, "having been made by" them to Sheridan while "defendant was in actual possession of said premises claiming under a title adverse to that of" such grantors, and that, as is the fact, since the action was begun Adams and Post conveyed to the defendant. For a separate defense defendant states that in 1884 John Canning duly obtained a tax lease from the county treasurer for 1,000 years of a portion of the premises, and entered into possession and that after "divers conveyance, and in or about the year 1898, title to said premises became vested in said defendant, who entered into possession thereof and has continued in possession ever since," and that about the month of October, 1887, Mrs. John Canning obtained a similar lease of a portion of the premises, and that she entered into possession, and that after divers conveyance the title vested in the defendant and that he entered into possession and continues it. The defendant further alleges that the plaintiff or any of her predecessors have not been possessed of the premises within 20 years last passed before the commencement of the action, and that the defendant and his grantors have been in undisturbed possession thereof, claiming absolute title to and right to possession of said lands, and such possession has been open, visible, continuous, unbroken, and adverse for more than 20 years prior to the commencement of the action. As I understand his position, defendant contends (1) that plaintiff cannot

sue in her grantors' names, as their deeds were delivered in violation of the statute and are void, as he was in possession under an adverse title; (2) that the plaintiff has not shown title in Coggswell or possession by him or his successors at any time, much less within 20· years; (3) that defendant has the right to possession under tax leases, and the title and right to possession by adverse possession. As indicated, the answer states the very fact that would enable the plaintiff to bring the action in the name of her grantors, and his attitude is consistent through the trial. When the plaintiff rested, the objection to the party plaintiff was not made, while his motion for a verdict is upon the ground, among others, that "the plaintiff's deeds from her grantors are void under the statutes." The very fact that he assumes in his motion enables the action to be brought pursuant to section 1501 of the Code of Civil Procedure. It is quite late at this time to present the objection.

It is necessary to scrutinize the defendant's holding. The answer states that he had two leases received by Canning or Mrs. Canning from the county treasurer in 1884 or 1887. Canning's evidence shows that he bought the lots a number of times before he received a tax lease. He thinks he was in possession before he received the leases. He did what he did do in the way of cultivating, fencing, building, and, as he says, the leases "ought to show how long I have had them." He was asked what right he had to move on the place, and he answered:

"The right was I had a tax claim on it. I had a lease, tax lease. I don't mean these two leases here that I sold to Mr. Cardwell. I had others. I had other tax leases."

A study of his further examination shows that he had no knowledge of actual leases except the two of 1884 or 1887, and he sold to the defendant by assigning those leases. They were, then, the basis of his holding. The defendant took possession in 1900. Canning says:

"I knew I had a tax title to it, and I sold it. That was enough for me."

How, then, can it be urged that Canning had title by adverse possession; that he was holding adversely to the plaintiff and predecessors, and also to the source of his tax title? Is it not plain that there is no title by adverse possession even claimed by Canning? The defendant has had possession only since 1900. So he makes no title by adverse possession. But Canning held under the tax leases executed by the county treasurer, who carved from the estate of some persons taxed, this leasehold, as the statute enabled him to do. Both tax deeds show that such persons were the "heirs of Lawrence V. Husted," as do the assignments. So defendant and Sheridan (virtual plaintiff) have title from the same person, and defendant's leasehold is carved out of the heirs' fee, and defendant asserts a right to hold by the attempted exercise of a power given to the county treasurer to create a leasehold out of their fee. Defendant holds, then, in subjection to the plaintiff's title. In other words, defendant's lease flows from the heirs' title, and, in view of failure to claim adversely to it, the defendant, so far as the evidence shows, can claim under

no other title. So, then, defendant's possession has been the possession of the owner of the fee, and, if the action were dependent on a breach on the part of the lessee, it would not be necessary for the plaintiffs to show possession within 20 years or at any time. Otherwise after 20 years the lessee could always invoke section 365 of the Code. But the question is whether the owner of the fee can invoke this doctrine in the present action. I think that he cannot assert that the lease flowed from the heirs to avoid the 20 years statute and proof of possession, and then reverse his position, and assert that there was no valid lease. I conclude that Sheridan has not traced her title to the original patentee, or to any predecessor in possession, nor was she or any under whom she claims seized as required by section 365.

The order setting aside the verdict should be reversed and the judgment reinstated, and the order denying plaintiff's motion for judgment should be affirmed.