DE BAUN v. PARDEE et al.

(Supreme Court, Special Term, Kings County. February 7, 1913.)

1. PARTITION (§ 48*)—PARTIES—RIGHTS OF ADVERSE PARTIES.

 Although some of the defendants in partition are not tenants in common, their rights may be tried and determined.

 [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 118–129; Dec. Dig. § 48.*]

2. BOUNDARIES (§ 20*)—MORTGAGES—HIGHWAYS—DESCRIPTIONS.

 Descriptions in a mortgage of city lots beginning at the intersection of the exterior lines of two streets reserve the fee in the highway to the mortgagor.

 [Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 123–130, 132; Dec. Dig. § 20.*]

3. PARTITION (§ 16*)—HOLDER OF TAX TITLE—ENFORCEMENT OF RIGHTS.

 The purchaser at a tax sale of the fee, conducted by the registrar of arrears pursuant to Laws 1883, c. 114, relating to tax sales, has a good title as against previous owners and all persons claiming under them, which can be enforced in partition.

 [Ed. Note.—For other cases, see Partition, Cent. Dig. § 52; Dec. Dig. § 16.*]

Partition by Alonzo E. De Baun against Fred W. Pardee and others. Decree for plaintiff.

Charles C. Suffren, of Brooklyn, for plaintiff.

Albert W. Seaman, of New York City, for defendants Fred W. Pardee, Florence De Baun Pardee, and Agnes De Baun.

Hersey Egginton, of Brooklyn, for defendants John H. Stoddard, Philip M. Wheeler, Caswell W. Stoddard, and Agnes W. Dennett.

Gilbert Elliott, of Brooklyn, for defendant Princess Anne Co.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PUTNAM, J. [1] Although some of the defendants are not tenants in common with plaintiff, but claim adversely, still, with the broadened scope of the present jurisdiction in partition, the rights of such adverse parties may be here tried and determined. Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952; Brown v. Feek, 204 N. Y. 238, 97 N. E. 526.

[2] The defendants Stoddard et al. claim title to lands formerly parts of the beds of streets, as laid out upon the Ewer map of March 4, 1836. This issue depends upon the proper construction of the boundaries as stated in the 1843 mortgage from Ewer to Maxey, which underlies this title. It granted lots upon Monticello and Green streets, which proposed streets were mapped to cross at about a right angle. These lots were described as known and distinguished by the Ewer map, Nos. 92 to 111, both inclusive—

"which said lots, when taken together, are bounded and described, as follows: Beginning at the southeast corner of Monticello and Green streets; running thence southerly along Green street five hundred (500) feet; thence easterly ninety-seven (97) feet and nine (9) inches to ground now or late of Mrs. Ryerson; thence northerly along the same five hundred (500) feet to Monticello street; thence westerly along Monticello street one hundred and four (104) feet to the point or place of beginning, be the same dimensions more or less."

Under this, plaintiff claims title to the middle of the streets; but defendants Stoddard et al. claim that the fee of the streets was reserved by the mortgagor. Tietjen v. Palmer (1907) 121 App. Div. 233, 105 N. Y. Supp. 790, has decided that this mortgage did not include the bed of the street. Although this ruling of this department, as an adjudication between different parties, does not bind this plaintiff, its law, unless subsequently overruled, controls this Special Term.

Descriptions beginning at the intersection of the exterior lines of two streets are held to exclude the highway. Thus in Trowbridge v. Ehrich (1908) 191 N. Y. 361, 84 N. E. 297 (which dealt with a map filed, and a grant made, in 1882), the start was at the intersection of the northerly line of 163d street with the easterly line of Stebbins avenue, so that the bounds began at and followed the external street line, excluding title to the streets. Judge Haight, however, added:

"Had she commenced at the intersection of the two streets, and thence ran along the street, it would have been apparent that she intended to convey to the center of the street."

The First Department has held that a like description in a grant made in 1856, "beginning at the southwesterly corner" of the crossing streets, included the fee in half the adjacent highway. Woolf v. Woolf, No. 3 (1909) 131 App. Div. 751, 116 N. Y. Supp. 104.

The ordinary presumption that one conveying land bounded on a highway grants the fee to the middle line may be rebutted. This may be—

"by an express provision in the deed to the effect that the fee in the highway was not intended to be conveyed, or by the use of such words as necessarily exclude the highway from the description of the premises conveyed, as where the description of the premises is bounded upon the exterior line of a highway, or commences at a point upon one side thereof and thence runs

along the side to a point specified; but where the premises are bounded by, on, or along a highway, or running along a highway, without restricting or controlling words, the instrument must be construed as conveying the grantor's title in the land to the center of the highway." Van Winkle v. Van Winkle, 184 N. Y. 193, 203, 77 N. E. 33, 35.

Here the map referred to shows the southeast corner as formed by the exterior street lines, and that is the only street corner to satisfy the description of the initial point. It would therefore seem that this boundary starts upon such exterior street lines, and from a point upon one side thereof. What, indeed, is the difference between saying in words the intersection of the southerly line of Monticello street with the easterly line of Green street, and pointing out and delineating this precise intersection by a diagram, as is the office of the Ewer map? The reason that a grant bounded along a proposed street conveys the grantor's title to the middle line, even if such projected street is never opened, is that the grantee's right is to be determind as of the time the conveyance was made. Trowbridge v. Ehrich, 116 App. Div. 457, 458, 101 N. Y. Supp. 995.

But is not this imputed intent to convey beyond the stated metes and bounds to be also determined by the rules of construction as received and operative at the time of the grant? In December, 1842, less than a year before this mortgage, it was stated in the argument of Mr. Beardsley (afterwards Chief Justice) that this rule of construction, carrying a grant of land bounded on a road or river to the center of the highway or river, did not apply to the conveyance of city lots. Childs v. Starr, 4 Hill, 369, 370. If the rule of construction here invoked did not then exist, how could Mr. Ewer be presumed to have intended such a result? Even in case of conveyances of farm lands, such a canon of construction is applied with hesitation. Thus the deeds of 1799 of property along the Bloomingdale road were on appeal restricted to giving an easement, instead of a fee, in the highway. Holloway v. Southmayd, 139 N. Y. 390, 402, 34 N. E. 1047, 1048. In refusing to follow the General Term, Judge Gray deplored "the appearance of shaking the stability of decisions." Regarding the Althorp and Jauncey deeds he said:

"In either case, we are inclined to the view that the descriptive monuments, or starting points for the boundary lines, cannot be fixed in the center of the Bloomingdale road without straining too much the language used." 139 N. Y. page 413, 34 N. E. page 1052.

Certainly the rule of stability of decisions would be infringed if this court should pronounce these boundaries as taking in the fee of the streets, against the determination of the appellate court (in the suit by plaintiff's predecessor) that this mortgage description had excluded the title to the streets. The decision of Tietjen v. Palmer, supra, is therefore followed.

[3] The other defendant, however, the Princess Anne Company, holds subject to a tax sale of the fee conducted by the registrar of arrears of the former city of Brooklyn, pursuant to chapter 114 of the Laws of 1883. As all the requisite proceedings were complied with, the purchaser obtained a good title as against the previous owners and

all persons claiming under them (Croner v. Cowdrey, 139 N. Y. 471, 34 N. E. 1061, 36 Am. St. Rep. 716), and this superior title can be enforced in this action (Obeymeyer v. Behn, 123 App. Div. 440, 108 N. Y. Supp. 289; Id., 195 N. Y. 588, 89 N. E. 1106).

Plaintiff is therefore entitled to judgment that he is seised in fee, subject to his wife's dower right, of an undivided three-fourths, and the defendant Pardee of an undivided fourth, of the parcel numbered 2 in the amended complaint, with costs against the Princess Anne Company. Defendants John H. Stoddard, Philip M. Wheeler, and Caswell Wheeler Stoddard, as executors and trustees, are entitled to judgment as to parcel No. 1.

Decree to be settled on notice.