LEMAN M. JUDD, Appellant, v. ADELIA CHILSON and SIMON P. QUICK, Respondents.

Third Department, March 7, 1917.

Trespass — action for unlawful cutting and removal of timber — treble damages — evidence — burden of proof.

Where, in an action by an owner of land under section 1668 of the Code of Civil Procedure to recover treble damages for the wrongful and unlawful cutting and removal of timber by the defendant, both parties claim title to the land, the burden of establishing ownership is upon the plaintiff, and he must prevail upon the strength of his own title and not upon the weakness of the defendant's.

Where the plaintiff has not traced his paper title back to the original patentee or to a common source, and the land was uncultivated and there was no possession shown in the person under whom the plaintiff claims to hold, there was a failure to establish the alleged title.

*Held*, on all the evidence, that a judgment dismissing the complaint should be affirmed.

APPEAL by the plaintiff, Leman M. Judd, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Broome on the 15th day of November, 1915, dismissing the complaint upon the merits after a trial at the Broome Trial and Special Term before the court without a jury.

*Augustus Babcock*, for the appellant.

*Robert S. Parsons* [*Edmund B. Jenks* of counsel], for the respondent Adelia Chilson.

*Hinman, Howard & Kattell*, for the respondent Simon P. Quick.

WOODWARD, J.:

The complaint alleges ownership of a parcel of land in the plaintiff, and that the defendants during the month of January, 1915, without the consent of the plaintiff, wrongfully and unlawfully cut, damaged, injured and removed from the said premises a large quantity of timber; that said timber was not merchantable, and that the continuance of such cutting would work irreparable damage. The demand is for triple damages

under the provisions of section 1668 of the Code of Civil Procedure.

The defendant Chilson denies, on information and belief, the allegation of ownership of the premises described in the complaint, and denies positively all of the remaining allegations of the complaint. The defendant Quick (who actually did the cutting under a contract with the defendant Chilson) denies the allegations of the complaint on information and belief, and sets forth as a defense the alleged ownership of the premises in Chilson, who is alleged to have held the premises adversely to the plaintiff for a period of more than twenty years.

. The learned court, after a three days' trial, made findings of fact and conclusions of law, dismissing the complaint upon the merits, with costs to each of the defendants, with permission to the latter to apply for an assessment of the damages sustained by reason of the preliminary injunction granted. The plaintiff appeals from the judgment.

The case was closely contested, and there was much evidence in support of the title asserted by the plaintiff, but there was equally strong evidence in support of the contention that the defendant Chilson was the owner of a tract of land, described in the findings of fact, which included the land on which the defendants were cutting the timber, and the burden of showing ownership of the premises in dispute was clearly upon the plaintiff. He must prevail upon the strength of his own title, not upon the weakness of his adversary's. (*Sheridan* v. *Cardwell*, 141 App. Div. 854, 857.) The plaintiff did not trace his paper title back to the original patentee, or to a common source, and as the land was uncultivated and there was no possession shown in the person under whom the plaintiff claims to hold, there was a failure to establish such a title as he alleges. (*Greenleaf* v. *B., F. & C. I. R. Co.*, 141 N. Y. 395, 398.) At any rate there was a mere conflict of evidence, and the learned court hearing the testimony, with the opportunity of examining the exhibits in connection with the testimony of the witnesses, it would, in the absence of obvious error, be improper to disturb the judgment. The real question involved related to a boundary line between the lands of the plaintiff and the defendant Chilson, and the plaintiff clearly failed to establish

title in himself to the portion of the premises upon which the alleged trespass took place, and we are not directed to any error which discloses a fair reason for disagreeing with the findings and conclusions of the court below.

The judgment appealed from should be affirmed, with costs.

Judgment unanimously affirmed, with costs.