■ In the Matter of BEVERLY W., Respondent, v. SCOTT D., Appellant.— Order unanimously reversed on the law and facts, without costs, and petition dismissed. Memorandum: The proof offered by petitioner to meet her burden of proof in this filiation case failed to meet the standard required in a proceeding of this nature. In view of the difficulty in meeting a charge of paternity, the proof in support of the claim must be clear, convincing and entirely satisfactory, so that a finding against the respondent is supported by more than a mere preponderance of the evidence. (*Matter of Edick* v. *Martin*, 34 A D 2d 1096.) Furthermore, "in the face of the practical impossibility of direct contradiction of the complainant upon the issue, we must consider the more carefully her credibility as revealed by her own testimony and by contradictions thereof." (*Drummond* v. *Dolan*, 155 App. Div. 449, 450–451.) Petitioner testified to a single act of intercourse with respondent, occurring on October 30, 1968, which, she asserted, resulted in her pregnancy. Respondent stead-

fastly denied that he had had relations with petitioner on the date in question and, although admitting they were together that evening, gave a different version of the events which occurred. Petitioner's version was contradicted in part by her mother whose testimony differed from her daughter's as to what happened after the petitioner returned home. The mother also testified that at a conference between the parties and their parents in mid-December, 1968 petitioner made statements which supported respondent's version of the events on October 30 which conflicted with petitioner's testimony at the trial. On this state of the record the finding of paternity, based solely on petitioner's testimony, may not be sustained. (*Matter of Hawthorne* v. *Edward S.*, 31 A D 2d 426.) (Appeal from order of Monroe County Family Court in paternity proceeding.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.