◼ DAUNT I. STENZEL, as Commissioner, Respondent, v FRANK D'AGOSTINO, Also Known as FRANK D'AUGOSTINO, Appellant.—Order unanimously affirmed, without costs. Memorandum: Petitioner testified that she had sexual intercourse with no one except respondent after her last menstrual period in February, 1970 and the baby was two weeks overdue when born on December 6, 1970. This was well within the normal period of gestation. Respondent admitted having sexual relations with petitioner two or three times a week over an extended period of time but denied having sexual intercourse with her during February, 1970. The issue was solely one of credibility and the decision of the Family Court was properly supported by the clear and convincing evidence required in paternity cases (see *W v D,* 37 AD2d 904; *Hopkins v Mabee,* 36 AD2d 897). (Appeal from order of Niagara County Family Court in paternity proceeding.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.

◼ MARGARET M. DUGGAN et al., Appellants v CHARLES HYLAND et al., Respondents.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiffs-appellants, Margaret and James Duggan, commenced an action against defendants-respondents, Charles and Marjorie Hyland, for the removal of an encroaching structure, to wit, defendants' driveway, pursuant to article 8 of the Real Property Actions and Proceedings Law. Plaintiffs demanded a judgment directing the removal of an asphalt driveway so far as the same encroaches upon plaintiffs' premises and for the sum of $500 damages to plaintiffs' hedge. The trial court dismissed plaintiffs' complaint for failure of proof. We agree. The burden of showing ownership in this driveway dispute is upon the plaintiffs. "He must prevail upon the strength of his own title, not upon the weakness of his adversary's" *(Judd v Chilson,* 177 App Div 121, 122; *Sheridan v Cardwell,* 141 App Div 854, 857). The only evidence in this case was a number of surveys. There is no proof, however, that the starting point used in the said surveys was the same starting point set forth in plaintiffs' deed which established point determines the true location of plaintiffs' property *(White's Bank of Buffalo v Nichols,* 64 NY 65; *Lee v Lee,* 27 Hun 1, 4; *Tietjen v Palmer,* 121 App Div 233, 236). The Graf survey, introduced into evidence by plaintiffs, reveals that plaintiffs have the precise footage (32.46 feet) along Keil Street and the exact lot dimensions specified in their deed. Mr. Graf, the only expert to be called as a witness at the trial, also testified that defendants' driveway did not encroach upon plaintiffs' land, thus plaintiffs failed to prove on the strength of their own title any encroachment by defendants. (Appeal from judgment of Niagara Supreme Court in real property action.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.