■ In the Matter of PATRICIA APUZZO, as Coordinator of Child Support Enforcement for the Ulster County Department of Social Services, on Behalf of LYNN SLEDZIANOWSKI, Appellant, v JOSEPH SLESINSKI, Respondent. — Appeal from an order of the Family Court of Ulster County (Elwyn, J.), entered September 17, 1982, which dismissed the petition for a declaration of paternity. The petition in this proceeding alleged that petitioner's daughter, age seven at the time of the hearing, was the result of an act of sexual intercourse with respondent which occurred on November 10, 1974. The child was born 262 days later, on July 30, 1975. Respondent conceded that he had intercourse with petitioner, but it was his contention that it occurred in late August or early September of 1974, making it impossible for him to be the father of petitioner's child. Family Court found that petitioner had failed to support her burden of proof, noting the fact that the birth of her child occurred 262 days after the date upon which she alleged that conception occurred. Applying a 280-day period for a normal pregnancy, the court determined that petitioner's term of pregnancy was 18 days too short for respondent to be the proven father. On this appeal, petitioner requests that her case be remitted for a further hearing before Family Court at which she will present medical testimony to prove that the duration of her pregnancy was not so short as to render it unlikely that respondent is the father of her child. Initially, we note that Family Court erred in applying a 280-day gestation period to petitioner's pregnancy and in concluding that her claim lacked credibility because her pregnancy lasted only 262 days. The 280-day time frame pertains to the time from the first day of the mother's last menstrual period (prior to conception) to the date of birth (*Matter of Kathy L. R. v Steven S.,* 52 AD2d 974, 975). However, in calculating the

length of petitioner's pregnancy, she began counting at the date of conception, since she could not remember the date of the first day of her last period before conception by the time of the hearing. Since the normal length of time from conception to delivery is 266 days (*id.*), petitioner's claim that her pregnancy lasted 262 days from the date of conception is not so far from the norm as to cast doubt on the plausibility of her claim (see *Matter of Morris v Terry K.,* 70 AD2d 1031, 1032). Accordingly, were the length of petitioner's pregnancy the only ground upon which Family Court based its dismissal of her claim, we would be constrained to remit the matter for the presentation of medical evidence, as petitioner has requested. However, Family Court's determination was based on several factors which contributed to an over-all lack of the required "clear and convincing" evidence of paternity (*Matter of Lopez v Sanchez,* 34 NY2d 662, 663), of which the alleged length of petitioner's pregnancy was only one element. In arriving at its decision, the court also noted that seven years had elapsed between the events in question and the date of trial and that this time lapse had produced an inevitable effect on the accuracy of the parties' testimony. The court was further troubled by the fact that petitioner was unable to recall the date of the onset of her last menstrual period before conception. Most significantly, the court was concerned about the basic conflict of testimony between the parties as to the date that sexual contact occurred (see *Matter of Beverly W. v Scott D.,* 37 AD2d 904). As previously noted, were respondent's testimony to be believed regarding the date of sexual contact, it would be impossible for him to be the father of petitioner's child. The conflict of testimony between petitioner and respondent would persist even if petitioner were granted the opportunity to present additional medical evidence regarding the duration of her pregnancy. Accordingly, we cannot say that the proof of paternity was clear and convincing, as a matter of law, or that the opportunity to present additional medical evidence on retrial would raise petitioner's proof to that level. Therefore, Family Court's dismissal of the petition should be affirmed. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.