CHARLOTTE F. TROWBRIDGE, Appellant, *v.* JESSE W. EHRICH et al., Respondents.

1. REAL PROPERTY — DEED — DESCRIPTION — REFERENCE TO UN-OPENED STREET — WHEN GRANTOR CONVEYS TO EXTERNAL LINE THEREOF. Where an owner of real estate in a city caused a map of her property to be made and filed in the office of the register, showing the location of the streets, existing and proposed, with which her property was bounded and intersected, which map corresponded substantially, as to street lines, with a map previously filed by the city authorities, showing the proposed location of streets which the authorities designed to have opened in that part of the city, and such owner thereafter conveys part of said property with references to such streets and as running to and along the same, it will be held to have been the intention of the grantor to convey to the center of such streets or avenues; but where said owner has been careful, in a deed conveying part of said property, to commence the description of the boundary thereof at the intersection of the northerly, or external, line of a proposed street, as shown on her map, with the easterly line of a designated avenue and thence running easterly along the northerly line of said street, the commencing point is at the external line of the street and the boundary continues along the northerly line thereof, and it is apparent that it was not the intention of the owner to include the fee of the proposed street, but that, while conveying to the grantee the necessary easements of light, air and access therein, she reserved the fee so that when the street should be taken by the city, she would be entitled to the compensation for such fee.

9. SAME — CONVEYANCE TO CENTER OF STREET. Where such owner also conveyed other parts of the property, laid out on the map filed by her, by deeds describing the lots by metes and bounds which carry the lot lines to the exterior lines of the streets and avenues designated on said map, and along the same, such description is equivalent to a designation of the exterior street lines as the boundaries of the lots, but where, by a subsequent clause, the grantor states that the conveyance is to include all the right, title and interest which she has in and to that portion of the street "lying in front of and adjacent to said lots to the center" thereof " as laid down on said map," an intention is indicated to convey to the center of the street.

*Trowbridge* v. *Ehrich*, 116 App. Div. 457, modified.

(Argued March 2, 1908; decided March 10, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered

January 5, 1907, affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John N. Drake* for appellant. A conveyance of land on a street not in actual existence, but only marked out by the public authorities as an avenue which in the future might be made into a street, does not by implication convey either fee or easement in the street land. (*Matter of Brook Ave.*, 40 App. Div. 519; 161 N. Y. 622.) The owners of lots 1 and 3, so far from having a fee, have not even an easement. (*Screven* v. *Gregorie*, 8 Rich. 158; *Parker* v. *Bennett*, 11 Allen, 388; *Botsford* v. *Wallace*, 69 Conn. 263; *Holmes* v. *Goring*, 2 Bing. 76; *N. Y. L. Ins. Co.* v. *Miller*, 1 Barb. Ch. 353; *McDonald* v. *Lindall*, 3 Rawle, 492; *N. Y. C. A. G. Co.* v. *Geyser*, 35 Misc. Rep. 668; 103 App. Div. 598.) Plaintiff's deed conveying the middle lot conveyed — except the conditional easement — no further interest in the street land south of the lot than the right to the award; and this right only if a street should come to exist there. (*R. E. Co.* v. *Balch*, 13 J. & S. 528; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420; *Matter of One Hundred & Sixteenth Street*, 1 App. Div. 436.)

*Jesse W. Ehrich* and *Louis J. Frey* for Jesse W. Ehrich et al., respondents. The defendant Ehrich is the owner in fee of so much of the triangular parcel of land as lies in front of lot 1. (*Matter of Adams*, 141 N. Y. 297; *City of Buffalo* v. *Pratt*, 131 N. Y. 293; *Johnson* v. *Grenell*, 188 N. Y. 407; *Haberman* v. *Baker*, 128 N. Y. 253.) The defendant Ehrich in addition to the title in fee to all of such part of the triangular parcel of land as lies in front of lot No. 1 has in any event as against the plaintiff and the other defendants an easement of light, air and access over the whole of said triangular parcel of land with the right to use the same in all respects as a street. (*Bissell* v. *N. Y. C. R. R.*

*Co.*, 23 N. Y. 61; *Taylor* v. *Hopper*, 62 N. Y. 649; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Lord* v. *Atkins*, 138 N. Y. 184; *Matter of Adams*, 141 N. Y. 297; *Holloway* v. *Southmayd*, 139 N. Y. 390; *Cunningham* v. *Fitzgerald*, 138 N. Y. 165; *Haight* v. *Littlefield*, 147 N. Y. 338; *I. W. B. Co.* v. *B. W. & W. Co.*, 173 N. Y. 167; *Lowenberg* v. *Brown*, 79 App. Div. 414; *Tremberger* v. *Owens*, 80 App. Div. 594; *Matter of Eleventh Ave.*, 81 N. Y. 436.)

*Charles A. Riegelman* for Hudson Realty Company, respondent. Defendant Hudson Realty Company is the owner in fee simple of that portion of the triangular parcel of land in controversy lying in front of lot No. 3. (*Smith* v. *Smith*, 120 App. Div. 281; *Johnson* v. *Grenell*, 188 N. Y. 407; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Matter of Ladue*, 118 N. Y. 213; *Wager* v. *T. U. R. Co.*, 25 N. Y. 526; *Perrin* v. *N. Y. C. R. R. Co.*, 36 N. Y. 120; *Mott* v. *Mott*, 68 N. Y. 246; *Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122; *Wallace* v. *Fee*, 50 N. Y. 694.) Viewing this defendant's claims in the most unfavorable light, it nevertheless is entitled to an easement of light, air and access over the whole triangular parcel of land in controversy, and has the right to have the same kept open and unobstructed as if it were a street or avenue. (*Cox* v. *James*, 45 N. Y. 557; *Symles* v. *Hastings*, 22 N. Y. 217; *Taylor* v. *Hopper*, 62 N. Y. 649; *Matter of Mayor, etc.*, 2 Wend. 472; Jones on Easements, §§ 231–234; *Matter of Adams*, 141 N. Y. 297; *Haight* v. *Littlefield*, 147 N. Y. 342; *I. W. B. Co.* v. *B. W. & W. Co.*, 173 N. Y. 167; *Lord* v. *Atkins*, 138 N. Y. 184; *Marshall* v. *Wenninger*, 20 Misc. Rep. 527; *Cunningham* v. *Fitzgerald*, 138 N. Y. 165; *Kenyon* v. *Hookway*, 21 App. Div. 342.)

*Arthur J. Westermayr* and *Leroy D. Ball* for George Spaeth et al., respondents. The defendant Karoline Spaeth is the owner in fee of so much of the triangular parcel of land as lies in front of lot No. 2. (*Hennessy* v. *Murdock*, 137 N. Y. 317; *Paige* v. *S. Ry. Co.*, 178 N. Y. 102; *Miller* v.

*N. Y. & N. S. Ry. Co.,* 183 N. Y. 123.) The defendant Karoline Spaeth in addition to the title in fee to all of such part of the triangular parcel of land as lies in front of lot No. 2, has an easement against the plaintiff and defendants of light, air and access over the whole of the said triangular parcel of land, with the right to use the same in all respects as a street. (*Bissell* v. *N. Y. C. R. R. Co.,* 23 N. Y. 61; *Hennessy* v. *Murdock,* 137 N. Y. 317; *Lord* v. *Atkins,* 138 N. Y. 184.)

HAIGHT, J. This action was brought to determine the title to a triangular piece of land lying at the intersection of Westchester avenue and Stebbins avenue, bounded on the west by Stebbins avenue, on the southeast by Westchester avenue, which intersects Stebbins avenue diagonally, and on the north by the southerly line of three lots owned by the defendants Ehrich, Spaeth and the Hudson Realty Company. The property in question was formerly owned by the plaintiff and was located in the twenty-third ward of the city of New York. In the year 1882 she caused a map of her property to be made and filed in the office of the register, showing the location of the streets existing and proposed, with which her property was bounded and intersected. This map corresponded with a prior map filed in 1878 by the park commissioners of the city showing the proposed location of streets in that part of the city, which the commission designed to have opened as streets of the city and upon which Dongan street, as mapped, intersected Westchester avenue and extended in a straight line to Stebbins avenue, covering the triangular parcel in dispute. Thereafter and in the year 1882 the plaintiff conveyed to Bertha Eck a parcel of land designated, on the map filed by her in the office of the register No. 892, as lot number one in block 513 on said map and particularly described as follows: Beginning at a point where the northerly line of One Hundred and Sixty-third street intersects the easterly line of Stebbins avenue; running thence easterly along the northerly line of One Hundred and

Sixty-third street 30 feet; thence northerly and parallel with Stebbins avenue 128.71 feet; thence westerly and parallel with One Hundred and Sixty-third street 30 feet and thence southerly and along the easterly line of Stebbins avenue 128.71 feet to the point or place of beginning. One Hundred and Sixty-third street had not been opened through to Stebbins avenue. Had it been, its lines would nearly have corresponded with those given upon the map filed by the park commissioners as Dongan street, which was followed by the plaintiff in the map filed by her. We, therefore, conclude that the plaintiff, in her reference to One Hundred and Sixty-third street had reference to the northerly line of the street as given upon the map filed by her. The defendant Ehrich, through subsequent mesne conveyances from Bertha Eck, has become the owner of the lands so deeded to her.

The trial court has found that the defendant Ehrich has become the owner in fee of that portion of the premises described as Dongan street in front of those specifically described in the deed. We readily concede the correctness of the contention that where an owner of real estate files a map of his premises in the office of the register, upon which is laid out streets and avenues, either existing or proposed, and deeds with reference to such streets and avenues, running to such streets and along such streets it will be construed to have been the intention of the grantor to convey to the center of such streets or avenues. But this case is distinguishable. The plaintiff has been careful to commence her description of the property conveyed at the intersection of the northerly line of One Hundred and Sixty-third street with the easterly line of Stebbins avenue. The commencing point, therefore, is at the external line of the street and continues easterly along the northerly line of the street. Had she commenced at the intersection of the two streets and thence ran along the street it would have been apparent that she intended to convey to the center of the street, but as we have seen, she has placed the boundary at the northerly line, thus indicating an intention

not to include the fee of the proposed street. It is true that she has executed this deed in accordance with the provisions of the map filed by her, upon which she designated this space as a street and by reason thereof the grantee acquired an easement in it of light, air and access, but not the fee.

The trial court, in determining that the grantee acquired the fee as well as the easement in the street, relies upon the cases of *Matter of Ladue* (118 N. Y. 213) and *Hennessy* v. *Murdock* (137 N. Y. 317), but in neither of those cases were the boundaries given of the property conveyed limited to the exterior lines of the street, and that is the distinguishing feature between those cases and this. It is said that she had no reason for reserving the fee to this particular parcel. It is quite apparent to us that she had a reason ; a map had been filed by the officers of the city, by which it was proposed to take this identical parcel for the purposes of a street ; when so taken she would be entitled to compensation from the city for the value thereof. She, therefore, in executing this deed saw fit to limit the fee conveyed to the exterior boundary of the street, but by conveying the land with reference to the street she necessarily included the easements of light, air and access.

On the 12th day of October, 1886, the plaintiff conveyed to Mathew Farrell another parcel of land embraced in the map filed by her as lots numbers 3, 4 and 5 of block 513, beginning at a point formed by the intersection of the northerly side of Westchester avenue with the westerly side of Rogers place ; running thence along the westerly side of Rogers place 33.82 feet ; thence westerly and at right angles to Rogers place 176 feet ; thence southerly and parallel with Stebbins avenue 128.71 feet ; thence easterly at right angles to Stebbins avenue 40 feet and thence northerly along the northerly side of Westchester avenue 166.93 feet to the point of beginning. The third course, running southerly and parallel with Stebbins avenue 128.71 feet, in fact carried the line to the street marked upon her map, and thence easterly at right angles to Stebbins avenue 40 feet, in fact carried the line along such street. This was equivalent to a designation

of the street in the running of the line, as to and along the same. (*Van Winkle* v. *Van Winkle*, 184 N. Y. 193, 204; *Hennessy* v. *Murdock*, 137 N. Y. 317, 323; *Sizer* v. *Devereux*, 16 Barb. 160; *Champlin* v. *Pendleton*, 13 Conn. 23.) It will be observed that, by the description given in this deed, the exterior lines of the streets are also followed; but by a subsequent clause she states that the conveyance is to include all the right, title and interest which she has to that portion of Westchester avenue and Rogers place "lying in front of and adjacent to said lots to the center of said avenue and place, as laid down on said map," thus indicating an intent to convey to the center of the streets.

Again, on the 23d day of August, in the year 1890, the plaintiff conveyed to James G. Patten and William H. Sutcliff another parcel of land described upon the map filed by her as lot number 2 in block 513, beginning at a point on the northerly side of Westchester avenue, distant 30 feet easterly from the corner formed by the intersection of said northerly side of Westchester avenue with the easterly side of Stebbins avenue; running thence northerly parallel with said Stebbins avenue 128.71 feet; thence easterly and at right angles with said Stebbins avenue 30 feet; thence southerly and again parallel with Stebbins avenue 128.71 feet to said northerly side of Westchester avenue, and thence westerly along said northerly side of Westchester avenue 30 feet to the place of beginning. In this deed she has designated the street which she marked upon her map as Westchester avenue, which in her first deed she called One Hundred and Sixty-third street. By a subsequent clause of her deed she provides that it includes all of her right, title and interest " of, in and to that portion of Westchester avenue lying in front of and adjacent to said lots to the center of said avenue," thus indicating an intent to convey a fee to the center of the avenue. The defendant Spaeth, by subsequent mesne conveyances, has acquired the title of Patten and Sutcliff and the defendant, the Hudson Realty Company, has acquired the title of Farrell.

Our conclusion, therefore, is that the judgment appealed from should be modified in so far as lot number 1 is concerned, owned by the defendant Ehrich, so as to limit his title in the lands in controversy to the easements of light, air and access, with the right to have such lands kept open and used as a street, and that as so modified, the judgment should be affirmed as to him and the other respondents, with costs to the respondents Spaeth and the Hudson Realty Company, but without costs to either party as to the respondent Ehrich.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment accordingly.