O'LEARY v. CITY OF GLENS FALLS.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. BOUNDARIES (§ 20*)—CONSTRUCTION—CONVEYANCE TO CENTER OF STREET.

A deed of a lot, describing it as commencing at the northeasterly corner of G. and D. streets, thence along .the north line of G. street, thence north, thence westerly to D. street, thence south along the easterly line of D. street, to place of beginning, does not convey to the center of D. street, or any part of that street.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 123–132; Dec. Dig. § 20.*]

2. MUNICIPAL CORPORATIONS (§ 470*)—STREET PAVING—LOT OWNER'S LIABILITY FOR COST.

Under Laws 1897, p. 422, c. 414, § 166, as amended by Laws 1907, p. 61, c. 44, providing that in a village no landowner shall be required to bear any expense of grading any portion of a street not in front of such land, he cannot be assessed the cost of paving the street at the side of his lot; his deed not conveying to the center of the street, but only to its exterior line.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1118; Dec. Dig. § 470.*]

Submission of controversy on an agreed statement of facts, pursuant to Code Civ. Proc. § 1279, between Daniel O'Leary, Jr., as plaintiff, and the city of Glens Falls, as defendant. Judgment for plaintiff.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Edward R. Safford, for plaintiff.
J. H. Barker, for defendant.

SEWELL, J. The village of Glens Falls in the year 1907 caused one of its streets, known as Grove avenue, to be graded and paved, partly at the expense of the village and partly at the expense of the owners of adjoining lands. One-half was paid by a general tax upon the village, and one-half by special assessment upon the lands adjoining the street. The special assessment was made under the provision of section 166 of chapter 414, p. 422, of the Laws of 1897, entitled "An act in relation to villages, constituting chapter twenty-one of the General Laws," as amended by chapter 44, p. 61, of the Laws of 1907. This section provided, among other things, that:

"No landowners shall be required to grade, flag, curb, or pave or bear the expense of so doing any portion of the street not in front of such land, nor beyond the center of the street."

At the time the street was graded and paved, the plaintiff was the owner of a lot bounded and described as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Commencing at the northeasterly corner of Grove avenue and Davis street, and running thence north sixty-four degrees and forty-five minutes east, along the north line of Grove avenue, fifty-five feet; thence north twenty-seven degrees west, one hundred and seventy feet; thence south sixty-four degrees and forty-five minutes west, fifty-five feet, to Davis street; thence south twenty-seven degrees east, one hundred and seventy feet, along the easterly line of Davis street, to the place of beginning."

The board of trustees assessed the plaintiff $185.25, of which $112.-61 was one-half the expense of grading and paving in front of the 55 feet, and $72.64 was one-half the expense of grading and paving in front of the easterly half of Davis street. The plaintiff contends that the board of trustees had no jurisdiction or authority to assess him for grading or paving in front of the easterly half of Davis street, and that the $72.64 so assessed is illegal and should be vacated. The defendant demands judgment that the assessment be adjudged valid and a lien upon the plaintiff's lands.

A determination of the question presented involves the construction to be given to the plaintiff's deed. The presumption is that a conveyance of land bounded by an existing street carries the fee to the center, because a narrow strip, such as half of a street, is much more valuable to the grantee than to the grantor, and the parties are supposed to have dealt with the property as to bring out its greatest value. Bissell v. N. Y. C. R. Co., 23 N. Y. 61; Story v. N. Y. El. R. Co., 90 N. Y. 122, 43 Am. Rep. 146. But such presumption can be rebutted by the use of such words as necessarily exclude the street from the description of the premises conveyed, as where the property is bounded by an exterior line of a street, or the description commences at a point in an exterior line and thence runs along the line or side of the street. Van Winkle v. Van Winkle, 184 N. Y. 193, 77 N. E. 33.

It will be observed that there is nothing in the deed in question which denotes any intention to buy or sell any land not expressly included within the courses and distances therein given, and it is undisputed that those limits do not include any part of the streets. The plaintiff's lot is not bounded by, upon, or along Davis street. It does not run to that street. The street is not made a monument, or mere mathematical line, so as to carry the grant to the center. It will be observed that the commencing point is necessarily at the intersection of the northerly line of Grove avenue and the easterly line of Davis street. That is the only visible northeasterly corner, and that it is the corner intended is apparent from the fact that it is the one from which the boundary upon the southerly side and the boundary upon the easterly side extends. A corner of a lot or tract of land is a bare point, from which two sides of the land conveyed extend. Walsh's Lessee v. Ringer, 2 Ohio, 327, 15 Am. Dec. 555.

The case is, therefore, not within the authorities which require a presumption that the plaintiff's grantor intended to convey to the center of the streets, and our conclusion is that the plaintiff did not own any land in west of the easterly line of Davis street. Such being the case, the plaintiff was not required to bear any part of the expense of paving in front of that street.

The assessment is illegal, and should be vacated and canceled. All concur.