In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title to the Parkway in the Borough of the Bronx.

JAMES A. WOOLF et al., Appellants; MADELINE PIERCE, Respondent.

Real property — conveyance of land abutting on a street or highway — when presumption that land is bounded by center of street must yield to terms of description so that title is conveyed to exterior line of street and not to center line thereof.

1. The language of a conveyance which bounds and describes lands by reference to a public highway is to be interpreted most favorably in favor of the grantee, and under ordinary circum-

stances, where the conveyance is of a lot abutting on a highway or where the descriptive lines run to or along such highway, the presumption is of an intent on the part of the grantor to convey title to the center of the highway. This presumption, however, must yield to language which shows an intent on the part of the grantor to exclude from his conveyance title to the bed of an abutting street and to limit such title to the exterior lines thereof.

2. The description of a parcel of land conveyed reads: "Beginning at the northwesterly corner of Walnut Street and Second Avenue as laid down on said map; thence running westerly along said street fifty feet; thence northerly parallel with said avenue one hundred feet; thence easterly parallel with said street fifty feet to said avenue; thence southerly along said avenue one hundred feet to the corner aforesaid and place of beginning." *Held*, that it conveyed title to the exterior and not to the center line of the street.

3. Authorities as to effect of such description in a conveyance collated and considered.

*Matter of City of New York*, 156 App. Div. 941, reversed.

(Argued June 6, 1913; decided October 28, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 23, 1913, which affirmed an order of Special Term directing the distribution of an award made in a proceeding instituted to acquire title to land required for street improvement.

The facts, so far as material, are stated in the opinion.

*James R. Deering* and *James A. Deering* for James A. Woolf et al., appellants. The deed from Thomas O. Woolf, Joseph A. Woolf and John A. Woolf to Claus Young, dated July 19, 1855, did not include any part of the land within the boundaries of Walnut street on the Mount Eden map. The grant was limited to the exterior lines of Walnut street and Second avenue. (*English* v. *Brennan*, 60 N. Y. 609; *White's Bank* v. *Nichols*, 64 N. Y. 65; *Tag* v. *Keteltas*, 92 N. Y. 625; 16 J. & S. 241; *Dexter* v. *R. & O. Mills*, 39 N. Y. S. R. 933; 133 N. Y. 684; *Matter of St. Nicholas Terrace*, 76 Hun, 209; 143 N. Y. 621; *Deering* v. *Reilly*, 38 App. Div. 164; 167

N. Y. 184; *Tietjen* v. *Palmer*, 121 App. Div. 233; *Trowbridge* v. *Ehrich*, 191 N. Y. 361; *Bartow* v. *Draper*, 5 Duer, 130; *Morison* v. *N. Y. El. R. R. Co.*, 74 Hun, 398.)

*Tallmadge W. Foster* and *Lawrence S. Coit* for Mary J. Woolf et al., appellants. The point of beginning in the description is the point of intersection of the northerly line of Walnut street with the easterly line of Second avenue. (*English* v. *Brennan*, 60 N. Y. 609; *Tietjen* v. *Palmer*, 121 App. Div. 233.) The location of the point of beginning at the intersection of the exterior lines of the two streets necessarily excludes the land in the streets. (*White's Bank* v. *Nichols*, 64 N. Y. 65.)

*Harold Swain* for respondent. Assuming that the question is reviewable here, the deed, Woolf to Young, dated July 19, 1855, included the land in Walnut street to the center line thereof. (*Van Winkle* v. *Van Winkle*, 184 N. Y. 193; *White's Bank* v. *Nichols*, 64 N. Y. 65; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61; *Matter of Ladue*, 118 N. Y. 213; *Trowbridge* v. *Ehrich*, 191 N. Y. 361; *Woolf* v. *Woolf*, 131 App. Div. 751.)

HISCOCK, J. This appeal involves a controversy over the right to an award in proceedings to acquire title for street improvements. Without going into the details of the proceeding it is sufficient to state that the underlying and decisive question is whether under the description used in one or more conveyances, the grantee took title to the middle or only to the exterior line of a public highway known as Walnut street, now in the city of New York.

The description thus to be interpreted ran as follows: "All that certain lot, piece or parcel of land, situate, lying and being in the Town of West Farms, aforesaid, and which is known and designated by the number 267 (two hundred sixty-seven) on a certain map  *   *   *, the premises hereby conveyed being bounded and described as follows: Beginning at the northwesterly

corner of Walnut Street and Second Avenue as laid down on said map; thence running westerly along said street fifty (50) feet; thence northerly parallel with said avenue one hundred (100) feet; thence easterly parallel with said street fifty (50) feet to said avenue; thence southerly along said avenue one hundred (100) feet to the corner aforesaid and place of beginning."

The map in question showed lot 267 as abutting on said highway, and if this description carried title to the center of the street, then the award has been properly distributed; if it carried title only to the exterior line of Walnut street, then the orders thus far made were erroneous and should be reversed.

There is no dispute concerning the general principles which govern the interpretation of a conveyance which bounds and describes lands by reference to a public highway. The language is to be interpreted most favorably in favor of the grantee, and under ordinary circumstances, where the conveyance is of a lot abutting on a highway or where the descriptive lines run to or along such highway, the presumption is of an intent on the part of the grantor to convey title to the center of the highway. This presumption, however, must yield to language which shows an intent on the part of the grantor to exclude from his conveyance title to the bed of an abutting street, and to limit such title to the exterior lines thereof. Notwithstanding the views of the learned courts below, we think that the effect of the language used in the conveyances before us for consideration was to thus exclude title to the bed of Walnut street.

The description of the premises to be conveyed places the starting point at the "Northwesterly corner of Walnut Street and Second Avenue," as laid down on the map referred to in the description. It is so well settled as to be practically conceded by counsel for respondent that the terms thus used meant the corner formed by the exterior lines of Walnut street and Second avenue, and did not

mean the intersection of their center lines. Thus we have the starting point of the description in the exterior line and on the side of Walnut street rather than in its center. It is again well settled that the starting point in such a description is of great importance, and while it has been said that its effect is not conclusive but must yield where it is inconsistent with other lines in the description (*Van Winkle* v. *Van Winkle*, 184 N. Y. 193, 204), it must control the other parts of the description at least in the absence of some irreconcilable inconsistency. (*White's Bank of Buffalo* v. *Nichols*, 64 N. Y. 65, 71.)

I not only do not find the lines of description employed in the conveyances inconsistent with, but rather, as it seems to me, entirely consistent with this point of commencement. We find that the description thus commencing in the exterior line of Walnut street runs along said street fifty feet; thence northerly from it one hundred feet; thence easterly parallel with the street fifty feet, and thence southerly one hundred feet to the starting point. In other words, we have a piece of land of rectangular shape, and the course which runs away from Walnut street is of the same length as that which runs back to said place of beginning in the exterior line of the street. The length and terminus of the final course in the exterior line of the street being thus definitely fixed, it would make an unusual description to run the parallel line of equal length to the center rather than the side of the street.

While it is impossible to make any complete review of the authorities even in this state which have dealt with this general question, reference may be made to a few of them which seem especially pertinent.

*English* v. *Brennan* (60 N. Y. 609) involved the interpretation of a description in a deed which ran as follows: "Beginning at the southwesterly corner of Flushing and Clermont Avenues, running thence westerly along Flushing Avenue twenty-five feet; thence southerly at right angles to Flushing Avenue seventy-nine feet nine inches

to a point distant forty feet seven and a half inches westerly from the westerly side of Clermont Avenue, thence easterly and on a line at right angles to Clermont Avenue forty feet seven and a half inches to Clermont Avenue, and thence northerly along Clermont Avenue seventy-five feet to the place of beginning." It will be noted that this description was very similar to the one now before us in that it commenced in the exterior line of a street and then ran "along" the highway.

It was held that the description did not include title to the bed of the street, and Judge ANDREWS writing the opinion of the court after recognizing the general rule that in a grant of land lying adjacent to a highway it is to be presumed that the grantor intended to convey his interest in the street, said: "But this presumption is rebutted if it appears by the description in the deed that he intended to exclude it from the conveyance. It is in all cases a question of intent to be determined by the description in the grant construed in view of the presumptions referred to. * * * We are to express our judgment on the case before us, and determine whether Clermont avenue is or is not excluded from the grant to the defendant by the description in his deed. We are of opinion that it is, and that his lot is bounded by the sides, and not by the thread or center of Clermont and Flushing avenues. It is to be observed that the subject of the conveyance is on the face of the deed the land within the precise metes and bounds given. The point of beginning in the description is the corner of Flushing and Clermont avenues. This point is made necessarily by the intersection of the side and not of the center lines of the street. * * * The second course terminates at a point 40 feet 7½ inches westerly from the westerly side of Clermont avenue, showing that in making the measurements the grantor had the side of the street in view. The next course is defined to be at right angles to Clermont avenue 40 feet 7½ inches to that avenue. If it had run to the

avenue generally a different question might have been presented, but the precise length of the line being stated, this, in connection with the other parts of the description, seems to render it quite certain that it was to terminate at the side, and not in the center of the street, and if this is so the course to the place of beginning was along the side of the avenue."

In *White's Bank of Buffalo* v. *Nichols* (64 N. Y. 65) the court had before it for construction a description which read in part as follows: "Beginning on the northwesterly line of Carolina street at its intersection with the northeasterly line of Garden street; thence northwesterly along the northeasterly line of said Garden street * * *; thence southeasterly along the line of said block to the State line; thence southerly along the State line to Carolina street, and thence southwesterly bounding on Carolina street to the place of beginning." It was held that this description did not include title to the bed of Garden street, and while it is true that such description was somewhat stronger in rebutting the presumption of a conveyance to the center of the street because the line was described as running "along the northeasterly line of Garden street," still the decision of the court was based on broader principles than mere consideration of said line, and which are applicable to the present case. For instance, it was said: "The grant under which the defendant claims title, describes the granted premises as commencing at the intersection of the exterior lines of two streets, of which Garden street is one, and so as necessarily to exclude the soil of the street. The point thus established is as controlling as any monument would have been, and must control the other parts of the description; all the lines of the granted premises must conform to the starting point thus designated, so that while but for this designation of the commencement of the survey or boundary, the lines along Garden street and Carolina street might, within the general principles before referred to,

be carried to the center of those streets respectively, they are necessarily confined to the exterior lines of the streets, so as to connect at this starting point. The precise point was decided by this court. (*English* v. *Brennan*, 60 N. Y. [Mem.] 609.)"

In *Kings Co. Fire Ins. Co.* v. *Stevens* (87 N. Y. 287) the court considered a deed which conveyed land described as, "Beginning at a point on the southerly side of the Wallabout bridge road," and which description after running certain courses and distances ran a certain distance "to the Wallabout bridge road," and from thence along said road a certain distance to the place of beginning. Again with full recognition of the general principles invoked by the respondent it was held that this description commencing on the side of the road rebutted the presumption of an intent to convey to the center, the court saying: "In the case before us, the starting point of the description is on the southerly side of the Wallabout bridge road, and the exact point of beginning, is fixed by the reference to the lands of Skillman. The other lines are described by courses and distances, and the third course gives the length of that line in feet, to the road, which we think fairly imports, that the measurement is to the side of the road, and the fourth course as along the road, etc., to the place of beginning." (p. 292.)

In *Deering* v. *Reilly* (167 N. Y. 184) it was held that a conveyance of lands described as "beginning on the northeasterly corner of Blackburry alley, on the southeasterly side of the Bloomingdale road," and running along said alley a certain distance, thence by other descriptions back to the Bloomingdale road and thence along that road to the place of beginning, did not include any part of said road or alley in the conveyance. (See, also, *Holloway* v. *Southmayd*, 139 N. Y. 390.)

It seems to me clear that the descriptions involved in the authorities cited are so similar in their important features to the one before us that they lead us with

compelling force to the conclusion that the present description does not run to the center of the street, unless their force has been weakened by later controlling decisions. I find none such. Counsel for the respondent thinks that he has found such in the cases of *Woolf* v. *Woolf* (131 App. Div. 751); *Van Winkle* v. *Van Winkle* (184 N. Y. 193) and *Trowbridge* v. *Ehrich* (191 N. Y. 361), and therefore, I shall proceed to consider them briefly.

The *Woolf* case seems to sustain his contention, and if controlling would be an authority for his contention that his client's deed took him to the center of the street. That decision, however, was based on a construction of the *Trowbridge* case, which in my opinion was erroneous, and to which I shall next refer.

The description in the *Trowbridge* case ran as follows: " Beginning at a point where the northerly line of One Hundred and Sixty-third street intersects the easterly line of Stebbins Avenue; running thence easterly along the northerly line of One Hundred and Sixty-third street 30 feet; thence northerly and parallel with Stebbins Avenue 128.71 feet; thence westerly and parallel with One Hundred and Sixty-third Street 30 feet, and thence southerly and along the easterly line of Stebbins Avenue 128.71 feet to the point or place of beginning." (p. 364.)

It was held that this description indicated an intention not to include the fee of the street because the grant dealt with the boundary lines rather than the center lines of the streets, and to this extent the decision confirms the one which we are now making. In the course of his opinion Judge HAIGHT said, " Had she (the grantor) commenced at the intersection of the two streets and thence ran along the street it would have been apparent that she intended to convey to the center of the street," (p. 365) and it was this expression which was made the basis of the decision in the *Woolf* case. It is to be noted in the first place that what was said was purely a dictum, but in addition to this the terms of description

suggested by way of illustration were entirely different than those which were and are being construed in the *Woolf* case and the present case. In both of these cases the starting point is concededly at the intersection of the exterior lines of two streets. In the illustration which was used in the *Trowbridge* case there was assumed a starting point at "the intersection of the two streets," and such point would be formed by the intersection of the two center lines, and hence the controlling point of commencement would be in the center of the street instead of at the side thereof.

In the *Van Winkle* case the conveyance was of a certain lot, and the commencing point of the description which was employed was stated in one conveyance as being "at a stake by the fence on the cross road leading from Harlem fifty links from the southeastern corner of the fence," and in another conveyance as being "at a stake by the fence on the public cross road, the corner of Mr. Jauncey's land," and the determination whether the conveyance ran to the center of the highway largely turned on the effect of this statement of the point of commencement of the description. The case was regarded as a close one, and two principles which do not exist in this case were invoked for the purpose of carrying title to the center of the road. The first one was that the starting point was of uncertain location, and that, therefore, the other lines in the description were to be considered in determining the intent of the parties, and that doing this such other lines carried the description "to the public road and thence south along the road to the place of beginning," and, therefore, under general principles, included title to the middle of the street. The second point was that a stake or monument placed upon the boundary of a highway is not necessarily to be regarded as fixing the starting point in the description at the side instead of the center of the street because of the impossibility of locating such monument in the bed of the high-

23

way, and that, therefore, such a point of commencement under such circumstances would not be controlling upon the other lines of description.

Our conclusion, therefore, is that the conveyances in question carried title to the exterior and not to the center line of Walnut street, and that the orders appealed from were erroneous and should be reversed, and the award be directed to be paid to the appellants, with costs in all courts.

CULLEN, Ch. J., GRAY, CHASE, HOGAN and MILLER, JJ., concur; WILLARD BARTLETT, J., absent.

Ordered accordingly.