In the Matter of the Application of LAURA A. PALMER, Appellant, for a Peremptory Mandamus Order against FRANK MANN, as Tenement House Commissioner of the City of New York, Borough of Manhattan, and Others, Respondents.

First Department, November 2, 1923.

**Municipal corporations — New York city — amendment of building zone resolution limiting height of buildings on easterly side of Fifth avenue between East Sixtieth and East Ninety-sixth streets and on adjacent streets — notice of hearing did not include Central Park on westerly side of Fifth avenue — more than twenty per cent of frontage exclusive of Central Park objected to passage — amendment passed over objection by less than unanimous vote of board of estimate and apportionment is invalid under Greater New York charter, § 242-a, and Building Zone Resolution, § 23.**

An amendment to a building zone resolution limiting the height of buildings on Fifth avenue between East Sixtieth street and East Ninety-sixth street and on certain adjacent streets in New York city which was adopted by less than the unanimous vote of the board of estimate and apportionment, is invalid, under section 242-a of the Greater New York charter and section 23 of the Building Zone Resolution, where it appears that the notice of hearing did not include the westerly side of Fifth avenue along Central Park, and that the owners of more than twenty per cent of the frontage of the territory included in the notice objected to the passage of the amendment.

The notice of hearing which included " Fifth Avenue from the northerly line of East 60th Street to the southerly line of East 96th Street * * * from Fifth Avenue to a line 100 feet west of Madison Avenue * * * " did not include Central Park along the westerly side of Fifth avenue.

APPEAL by the petitioner, Laura A. Palmer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of April, 1923, denying her application for a peremptory mandamus order.

*Taylor, Knowles & Hack [R. B. Knowles* of counsel; *Walter G. Dunnington* with him on the brief], for the appellant.

*George P. Nicholson, Corporation Counsel [Willard S. Allen* of counsel; *John F. O'Brien* and *William T. Kennedy* with him on the brief], for the respondent Tenement House Commissioner.

*Edward Harding* of counsel [*John H. Jackson* and *Joseph H, Choate, Jr.,* with him on the brief; *Campbell, Harding & Pratt,* attorneys for Thornton Realty Company and Fifth Avenue Association, Inc.; *Moore, Hall, Swan & Cunningham,* attorneys for William Ziegler, Jr.; *Evarts, Choate, Sherman · & Leon,* attorneys for Joseph H. Choate, Jr.], for the respondents above named.

FINCH, J.:

The relator applied for a peremptory mandamus order compelling the tenement house commissioner to approve certain plans filed by her for the erection of a fourteen-story apartment house to a height approximately of 150 feet, on the northeast corner of Seventy-third street and Fifth avenue in New York city. The court below denied the motion (120 Misc. Rep. 396) and plaintiff appeals.

The facts are not in dispute and present for decision a question of law only. In accordance with section 242a of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1914, chap. 470, as amd. by Laws of 1916, chap. 497, and Laws of 1917, chap. 601) and section 23 of the Building Zone Resolution, adopted by the board of estimate and apportionment on July 25, 1916, both of which require a public notice and hearing, the board of estimate and apportionment duly notified the public, including the particular parties to be affected, that a hearing would be had on a proposed amendment of the height district map so as to change " *  *  * from a one and one-half times to a three-quarter times height district Fifth Avenue from the northerly line of East 60th Street to the southerly line of East 96th Street, together with East 72nd Street, East 79th Street, East 86th Street, and the southerly side of East 96th Street, from Fifth Avenue to a line 100 feet west of Madison Avenue, and to change the remaining area between East 60th Street and East 96th Street, extending from Fifth Avenue to a line 100 feet west of Madison Avenue from a one and one-half times to a one and one-quarter times height district."

Upon the hearing it appeared that those in favor of the change represented about thirty-eight per cent of the owners of the frontage affected, whereas the objectors had more than twenty per cent. In accordance with section 242a of the Greater New York charter and section 23 of the Building Zone Resolution, said resolution cannot be amended except by a unanimous vote of the board, when the owners of twenty per cent of the frontage to be altered file with the secretary duly signed and acknowledged petitions protesting against such change or alteration. No question is raised but that those opposing the amendment comprised fully said twenty per cent and had duly and properly complied with the requirement of filing verified petitions in opposition. When it appeared that at least twenty per cent duly opposed the change in the resolution, the board requested an opinion of the corporation counsel as to whether it could legally pass the resolution without a unanimous vote of the board. To this the corporation counsel replied that this amendment could be made without a unanimous vote upon

the ground that the frontage on the west side of Fifth avenue, comprising a part of Central Park owned by the city, could be counted as a part of the frontage affected, and hence those opposing fell far short of having twenty per cent of the frontage affected. Thereupon the board on January 20, 1922, refused to reconsider its action whereby on November 25, 1921, it had adopted the amendment with three dissenting votes.

Whether the frontage of Central Park might be included within the area wherein it was proposed to change the permitted height is not primarily involved in the disposition of this appeal, since it is clear that the public notice given of the property to be affected did not include the frontage of Central Park " to a depth of 100 feet into said park west of Fifth Avenue," as contended for by the corporation counsel.

It is to be noted that the notice describing the property affected, set forth above, attempts to deal with three distinct areas, namely: " Fifth Avenue from the northerly line of East 60th Street to the southerly line of East 96th Street;" *secondly*, with the side streets known as " East 72nd Street, East 79th Street, East 86th Street, and the southerly side of East 96th Street from Fifth Avenue to a line 100 feet west of Madison Avenue;" and *thirdly*, with the " area * * * extending from Fifth Avenue to a line 100 feet west of Madison Avenue." As to the area comprised within the first description, this included only the east side of Fifth avenue, since East Sixtieth street and East Ninety-sixth street stop at the east side of Fifth avenue and do not cross the same. The area comprised within the second description would at the most run from the center line of Fifth avenue to a line 100 feet west of Madison avenue. (*Matter of City of New York*, 209 N. Y. 344.) Where the boundary line of property runs from, to, alongside of, or by, ordinarily it would run only to the center line thereof, and would require slight evidence of intention to entirely exclude the street or stream. (*Matter of City of New York, supra.*) The defendants contend that these boundary lines include the whole of Fifth avenue, and Central Park to a depth of 100 feet, and in order to sustain such contention invoke an alleged practice of the zoning commission to include both sides of a street in the same district. The first answer to this is that the practice contended for has been violated in the description of some of the property included in this identical proposed change, since the opposite sides of both East Sixtieth street and East Ninety-sixth street are in different districts. Secondly and more fundamentally, when a statute requires a notice to be given to the public, such a notice should fairly be given the meaning it would reflect upon the mind of the ordinary

layman, and not as it would be construed by one familiar with the technicalities solely applicable to the laws and rules of the zoning commission. Otherwise such a notice, instead of informing, would actually mislead the public including the persons immediately interested. To the lay mind and indeed to the legal mind which was not technically familiar with the alleged practice of the zoning commission, if such alleged practice exists, the description used in the notice would at most suggest the inclusion of the east side of Fifth avenue to the center line thereof. Perhaps the best practical illustration of this is the fact that the chief engineer of the board, in figuring the percentage of those in favor of the resolution, construed the same as applying only to the east side of Fifth avenue.

As the opponents of the change thus represented more than twenty per cent of the frontage affected, they had the right to rely on the fact that the unanimous consent of the board was necessary. The passage of such a resolution, while being very much in the interest of those who already have similar apartments erected on said avenue, detracts, in the opinion of some, twenty-five per cent from the value of the plots not similarly improved. It is, at least, not too much to ask that any ambiguity in a notice to the public of so important a change, which is the only notice that the public has, should be resolved against the notice. Hence the resolution was not duly adopted and the application of the relator for a peremptory mandamus order should have been granted.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with fifty dollars costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with fifty dollars costs. Settle order on notice.