ROSA D'ANNA, Respondent, v. THE CITY OF NEW YORK, Appellant.— Plaintiff-respondent, by mesne conveyances, acquired title to certain lots formerly owned by the city of New York, abutting on a twenty-five-foot strip of land called a "right of way," also formerly owned by the city and used as a highway, but later abandoned as a highway when a new street was constructed immediately adjoining. The descriptions in the deed from the city to plaintiff's predecessor and in plaintiff's deed started at the side of this twenty-five-foot strip and did not convey the fee to the center thereof, but, on the contrary, expressly excluded said "right of way." The conveyance by the city to respondent's predecessor in title was made in 1914. Prior thereto a fence was erected by undisclosed persons around the twenty-five-foot strip in question. There was no proof of any overt act on the part of respondent or her predecessors in title, after the 1914 deed, to establish any claim to the twenty-five-foot strip. Other parts of this twenty-five-foot strip, not adjacent to respondent's lots, have been occupied by buildings and a public school. There is no proof to show that the land on which said buildings were erected was not sold to the owners thereof by the city. Respondent's immediate predecessor in title offered to purchase from the city one-half of the said twenty-five-foot strip adjoining the property in question, thereby admitting lack of ownership in him and ownership in the city. Respondent claims and by the judgment has been given

title, not merely to the fee to the center line but to the whole twenty-five-foot strip adjoining her property, one-half of which was concededly conveyed by the city to O'Brien and O'Loughlin in 1884 and 1885 and was never conveyed by them to the plaintiff or to either of her predecessors in title. Plaintiff brings this action to quiet title under section 500 of the Real Property Law. The judgment in plaintiff's favor is reversed on the law and the facts, with costs, and the complaint dismissed, with costs. In our opinion, the respondent has not shown a legal title, by any instrument in writing, to the premises in question, has not acquired title by adverse possession, has not proven actual possession of said premises at any time, and is, therefore, not entitled to maintain this action to quiet title thereto. (*Trowbridge* v. *Ehrich*, 191 N. Y. 361; *Vandeveer Crossings* v. *Rapalje*, 133 App. Div. 203; *Belotti* v. *Bickhardt*, 228 N. Y. 296; *Stirnweis* v. *Cacioppo*, 258 id. 68.) Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made. Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ., concur. Settle order on notice.