BOLESLAW BRZOZOWSKI et al., Plaintiffs, v. ANNA F. BOUTINGER et al., Defendants.

Supreme Court, Trial Term, Queens County, April 14, 1943.

*Henry R. Eisenberg* and *John Baehr* for plaintiffs.

*Frank P. Woglom* and *Walter J. Egan* for defendants.

DALY, J. This is an action to recover damages in the sum of $5,000 for breach of covenants contained in a full covenant and warranty deed from the defendants to the plaintiffs, dated

February 23, 1927. The case was tried by the court without a jury on an agreed statement of facts, dated October 16, 1942, which incorporates by reference the record on appeal of a prior action unsuccessfully prosecuted by the plaintiffs and, more specifically, the " agreed statement of facts ", dated February 21, 1939, printed in said record.

The defendants became the owners of the property described in the complaint on May 8, 1913, when their mother, Anna B. Woehr, died intestate. Old Brook School Road or Astoria Avenue was closed and discontinued as a public street on August 9, 1909, when section 12 of the final map of the borough of Queens was duly filed, pursuant to chapter 1006 of the Laws of 1895. Thereby the said Anna B. Woehr was deprived of the frontage of her property on said public street and there accrued to her a claim for damages. The defendant Anna F. Boutinger was on May 27, 1913, duly appointed administratrix of the estate of her mother and in that capacity filed a claim for damages for the closing of said avenue with the Comptroller of the City of New York and collected on or about August 18, 1932, the sum of $3,354.78, which was divided equally among the defendants to this action.

In the meantime and on January 4, 1927, the defendants entered into an agreement for the sale of the property to the plaintiffs. The National Title Guaranty Company, acting on behalf of plaintiffs, searched the title and prepared the description contained in the deed. It approved and insured the title as thus described and delivered the search together with the title policy to the plaintiffs, making no reference therein to the legal closing as aforesaid of Old Brook School Road or Astoria Avenue.

In March, 1938, the plaintiffs instituted an action against the defendants herein, individually, and against the defendant Anna F. Boutinger, as administratrix of the estate of Anna B. Woehr, to recover the sum of $3,354.78 which the City of New York had paid as damages. It was claimed that the damage award passed to the plaintiffs as real property under the deed and that such award was assigned to them in the clause in the contract of January 4, 1927, which provides that any award made to the sellers for property taken for street opening purposes, after the execution of the contract, is assigned to the purchasers in lieu of the part of the property so taken. The trial court dismissed the amended complaint on the merits. The Appellate Division affirmed the judgment. (258 App. Div. 979.)

In the present action the plaintiffs have taken the position that the deed from the defendants " purported to convey and did convey and embrace title to the center of the road bed " of Astoria Avenue with an easement of light, air and access from and over said avenue, and that the covenants and warranties contained in said deed were violated because Astoria Avenue was legally closed at the time of the conveyance.

Section 251 of the Real Property Law provides that " a covenant is not implied in a conveyance of real property, whether the conveyance contains any special covenant or not." It follows that unless a basis for plaintiffs' contention can be found in the deed itself, none can be implied. The following is the description of the property as contained in the deed:

" ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being at Maspeth in the Borough and County of Queens, City and State of New York, bounded and described as follows:

" BEGINNING at the corner formed by the intersection of the northwesterly side of Maurice Avenue with the easterly side of Astoria Avenue as said Astoria Avenue is laid down on a certain map entitled ' Map No. 3 of part of the Village of Maspeth, Long Island, N. Y. the property of Joseph H. Van Mater, Jr.' and filed in the office of the Clerk of Queens County on March 25th, 1854 as Map No. 530; running thence northeasterly along the northwesterly side of Maurice Avenue 100 feet; thence northwesterly at right angles to Maurice Avenue, 87.16 feet to the southeasterly side of Astoria Avenue (Brook School Road) as laid down on said map; thence southwesterly along said southeasterly side of Astoria Avenue, 15.81 feet to a point; thence southwesterly still along said southeasterly side of Astoria Avenue 64.83 feet to the intersection of said southeasterly side of Astoria Avenue as laid out on said map with the easterly side of Broad Street as laid out and opened by the City of New York; thence southerly along the easterly side of Broad Street, 16 feet to the intersection of the easterly side of Broad Street with the easterly side of Astoria Avenue, as laid down on said map; and thence southerly along the easterly side of Astoria Avenue, as laid down on said map, 39.90 feet to the point or place of beginning.

" TOGETHER with all the right, title and interest of the party of the first part of, in and to the land lying within the bed of the street or avenue in front of and adjoining said premises to the centre line thereof."

It was stipulated in the agreed statement of facts that the plaintiffs and other witnesses would testify that prior to the date of the deed Astoria Avenue " was in common use by the public and since that time has continued up to the present time to be in common use by the public and no barrier or signs restricting the use of the same were ever erected " (par. 10), and that " at the time of the delivery of the deed * * * the said plaintiffs had no actual knowledge of the legal closing of the said Astoria Avenue * * *."

The plaintiffs argue that the only conclusion they could draw " from a combined examination of the deed * * * and the premises in question was that Astoria Avenue (Road) was not only physically but legally open and existent." Chapter 1006 of the Laws of 1895 contemplated the extinguishment of all street easements (whether public or private) of an abutting owner. (*Barber* v. *Woolf*, 216 N. Y. 7, 16.) There can, therefore, be no question that when section 12 of the final map of the borough of Queens was duly filed, all rights to Astoria Avenue which the defendants' predecessor in title may have had by reason of the premises abutting on said avenue were extinguished, and neither at the time when the contract was made nor on the date when the deed was delivered did the defendants have any right, title or interest in said avenue.

The plaintiffs predicate their case upon the claim that since the premises are described in the deed as bounded by Astoria Avenue, there is an implied covenant that said avenue still exists and remains open as a street for light, air and access of abutting property and that in any event the deed specifically conveyed " the land on Astoria Avenue " by the last paragraph of the description.

There is a presumption " that a conveyance of land bounded by an existing street carries the fee to the center * * * but such presumption can be rebutted by the use of such words as necessarily exclude the street from the description of the premises conveyed, as where the property is bounded by an exterior line of a street or the description commences at a point in an exterior line and thence runs along the line or side of the street." (*O'Leary* v. *City of Glens Falls*, 128 App. Div. 683, 685, affd. 200 N. Y. 218.) It has been held that the starting point of a description is of great importance. (*Matter of City of New York*, 209 N. Y. 344.) The starting point here is the corner formed by the intersection of the northwesterly side of Maurice Avenue with the easterly side of Astoria Avenue. Thus the starting point is at the *exterior*

lines of the two avenues, rather than the center lines thereof, which would have been the case had the starting point been the intersection of the two avenues without mentioning the northwesterly side of Maurice Avenue and the easterly side of Astoria Avenue. (*Trowbridge* v. *Ehrich,* 191 N. Y. 361, 365, 366.)

The presumption in favor of the abutting owner is further repelled by the fact that the line running at right angles from Maurice Avenue extends *to the southeasterly side* of Astoria Avenue and thereafter runs *along said southeasterly side* of Astoria Avenue. There are then several breaks in the description due to the fact that Broad Street runs in that vicinity through the same block as Astoria Avenue. The last line is from a point southerly, along the easterly side of Astoria Avenue, to the point or place of beginning. We thus have a lot bounded by the *exterior* line of an abutting street and therefore there could not have been an intention to convey any rights to Astoria Avenue, in which the defendants at the time of the conveyance *had no rights* whatever by reason of its having been duly closed as aforesaid. Under such circumstances the reference to the avenue was only descriptive and no warranty is implied. (*Dunham* v. *Williams,* 37 N. Y. 251; *Interborough Rapid Transit Co.* v. *Littlefield,* 166 App. Div. 567, affd. *sub nom. Interborough Rapid Transit Co.* v. *Kelsey,* 218 N. Y. 745.)

Nor are the plaintiffs aided by the following clause in the description: " Together with all the right, title and interest of the party of the first part of, in and to the land lying within the bed of the street or avenue in front of and adjoining said premises to the centre line thereof." This clause merely quitclaimed *whatever* estate the defendants had in the bed of the streets upon which the property embraced in the description abutted. If they had no rights the grantees received none. " A deed of release and quit-claim is, * * * as it says, only the release to the grantee of *whatever* title or interest the grantor has. * * * It passes the title as the grantor held it, and the grantee takes *only* what the grantor could lawfully convey." (*Bradt* v. *Church,* 110 N. Y. 537, 545. Italics supplied.)

The defendants have in their answer asserted seven defenses which, in view of the foregoing disposition, need not be passed upon. It may, however, be stated in respect to the sixth defense (*res judicata*) that in the prior action the plaintiffs tendered the issue that the deed in question conveyed title to the center of the roadbed of Astoria Avenue. In paragraph Fifth of the amended complaint of said prior action (fol. 23,

record on appeal) the plaintiffs incorporated the deed of February 23, 1927, and alleged that thereby the premises were conveyed together with all the right, title and interest of the defendants in and to the land lying in the bed of the streets upon which the premises abutted. The Appellate Division, in affirming the judgment dismissing the complaint, noted: "Plaintiffs contend that apart from the contract the closing award passed to them as real property under the deed." (258 App. Div. 979, *supra*.) In the instant case substantially the same contention is made, with the exception that it is now claimed that the deed in question embraced title to the center of Astoria Avenue, for which the "closing award" was made. This has already been adjudicated in the prior action and cannot again be brought in issue. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 308; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9, 12, 13.)

In the light of the foregoing, judgment is directed in favor of the defendants, dismissing the plaintiffs' complaint on the merits.