Charles Lambiase, J.
This claim has been filed ‘ ‘ for fraudulent misrepresentations of the State, its officers or employees, while acting as such, in connection with the sale of land by The People of the State of New York to the above-named claimants, evidenced by Letters Patent, dated June 19th, 1959, recorded in Book of Patents Number 75, Page 111, and thereafter recorded in the Office of the Clerk of the County of Westchester, Division of Land Records, July 9th, 1959, in Liber 5926 of Deeds, Page 274.”
The claim of the claimants herein has been duly filed, has not been assigned, and has not been submitted to any other officer or tribunal for audit or determination.
In 1929 the State of New York purchased a parcel of land in the Town of Greeriburgh, Westchester County, New York, and the State received a deed to the same. The description set forth therein reads in part: “ beginning at an iron pipe situ *70 ate on westerly boundary of the Saw Mill River Road, at the southeasterly corner of the property herein described, being also the northeasterly corner of the property, now or formerly of the Elmsford Improvement Company and running thence along the property of said Elmsford Improvement Company
In 1957 the Board of Commissioners of the Land Office adopted a resolution to offer the above property for sale at public auction, and in the notice of sale dated April 17, 1959, the real property was described in part as follows: “ Beginning at a point at the intersection of the westerly boundary of the Ardsley-Elmsford Part 2, State Highway No. 34 (the Saw Mill River Road) and the northerly boundary of Buckhout Street, thence along the said boundary of Buckhout Street * # # to an iron pin at the intersection of the northerly boundary of Buckhout Street and the easterly bounds of the property ”. At the public auction held on May 28, 1959, claimant, Jay M. Mosher, was the highest bidder. He thereafter assigned a one-half interest to the other claimant herein, and Letters Patent issued to the claimants.
Claimants now allege that the State, rather than following the legal description as set forth in the deed of the property to the State in 1929, changed the southerly boundary line so as to run along Buckhout Street in order to induce claimants to bid at public auction, stating and representing in the Notice of Sale that the southerly boundary line of said premises ran along the northerly boundary line of said Buckhout Street, which, in fact, is merely a ‘ ‘ paper ’ ’ street, instead of representing that it ran along the property of Elmsford Improvement Company as the south boundary line of said property was described in deed of conveyance to it. Claimants seek damages resulting from this alleged misrepresentation.
These facts are not in dispute: that Buckhout Street does appear on Map 1094, which is a map of the area; that Buckhout Street is not a public highway, and that the land shown on the map as Buckhout Street belongs to an individual, so determined by a legal decision rendered by the Supreme Court of the State in 1957; that the northerly boundary line of Buckhout Street, as shown on the map, is also the northerly boundary line of the property once owned by the Elmsford Improvement Company; and that the Letters Patent issued to claimants contain the same legal description as that contained in the Notioe of Sale.
The State maintains that it did not make any misrepresentation ; that it never represented that Buckhout Street was a public highway; and that Buckhout Street was used in the legal description only as a monument for purposes of description.
*71 It is well established that as between grantors and grantees of land bounded on a street, there is an implied covenant by the former that the street exists, and shall remain open as a street for light, air, and right of access to such abutting property. But these are cases where the grantor owns the land described as a street bounding the premises conveyed; and the rule is inapplicable where the grantor has no fee or rights in the highway or street. (Interborough R. T. Co. v. Littlefield, 166 App. Div. 567, 569, 570; affd. sub nom. Interborough R. T. Co. v. Kelsey, 218 N. Y. 745; Brzozowski v. Boutinger, 181 Misc. 379.)
In sum, claimants’ only contention then is that the State, by describing the south boundary line of the premises conveyed as the north boundary line of Buckhout Street made a misrepresentation. We are unable to sustain claimants in their contention.
The claim of the claimants must be and hereby is dismissed upon the merits.