Per Curiam.

Defendant transferred title to a piece of property to a corporation by quitclaim deed. The corporation placed a mortgage on the property to secure a loan by plaintiff’s insured. The title policy issued by plaintiff to the mortgagee did not except a Federal tax lien against defendant on the property of record prior to the transfer of the property by defendant to the corporation. As a consequence of this failure to except the lien from the title policy plaintiff was called upon by its insured to, and removed the tax lien, by paying the amount due the Federal Government. It now seeks reimbursement from defendant.
Since the transfer to the corporation was by quitclaim deed, the corporation received thereunder only such title as defendant then had in the property, which, as noted, was then subject to the tax lien (Bradt v Church, 110 NY 537; Ebenstein v Pritch, 275 App Div 256; Brzozowski v Boutinger, 181 Misc 379, 384; 4 Tiffany, Real Property, §§ 959, 1231). Absent a warranty of some kind in the deed, defendant was not indebted to the corporation, or to the subsequent lienor, the *607 mortgagee, for the amount of the lien. Hence plaintiff, as the subrogee of the mortgagee, also has no claim against defendant.
Because the corporation had not assumed the tax debt and neither the corporation nor the mortgagee was obligated to pay the taxes to the Federal Government, as between plaintiff and the Federal Government plaintiff was a volunteer and is not a subrogee of the Federal Government on its underlying claim for taxes against defendant.
Thus, on either basis, defendant is not liable to plaintiff.
Judgment, entered May 5, 1975 and order entered April 11, 1975 (Lander, J.), affirmed, with $10 costs.
Concur: Frank, J. P., Hughes and Fine, JJ.